*Northern District*

No. 4679

**DAVID BOZZI**

v.

**CARLO LANZILLI**

(November 16, 1953)

*Eno, J.* This is an action of contract by which the plaintiff seeks to recover the value of certain articles of personal property which, he claims, the defendant agreed to leave on the premises in connection with the sale of real property.

The defendant's answer is a general denial.

The sole question before this division is the admission of the following evidence during the direct examination of the plaintiff:

"Did you make any other agreement with Mr. Lanzilli relative to items of personal property in the house?"

Before allowing the evidence, the trial judge stated that "if such oral evidence was introduced to contradict the written contract already in evidence, it would be excluded."

The plaintiff's attorney then stated that "the proffered agreement was supplemental to and not in derogation of the written agreement."

The question was then admitted and the plaintiff answered, subject to the defendant's objection:

"Yes. We made an oral agreement."

Since it does not appear in the report what was the oral agreement, it is plain that the defendant was not prejudiced by the answer.

In the report, however, it is stated that "At the trial there was evidence that the plaintiff and defendant executed a written purchase and sale agreement of real estate of the defendant and in consideration of this sale the defendant orally agreed to leave on the premises besides those specific fixtures included in the realty agreement two chimes, two fluorescent lights, two combination storm doors, a pipe covering, four scatter rugs, thirty yards of carpeting and pad, ten square yards of linowall and an adjustment of range oil," and that "the defendant breached this promise."

It does not appear in the report that the defendant objected to the admission of this evidence, his objection as reported being solely limited to the above question.

We may assume that there was objection to its admission, but since it is not so stated in the report, the defendant is precluded from raising the question at this time. Rules 27 and 28 of Rules of the District Court (1952).

According to the written contract introduced in evidence the defendant agreed to include in the sale at least two of the above articles viz: Lighting fixtures and storm doors.

In any event, the trial judge correctly interpreted the law when he admitted the evidence after he satisfied himself that the oral evidence was not in contradiction of the written contract, but collateral to it. *Page v. Monks*, 5 Gray 492, 496; *Prebler v. Baldwin*, 6 Cush, 549; *Willis v. Hulbert*, 117 Mass. 151.

There being no error in the admission of the evidence the report is to be dismissed.

Kendall Hobbs, for the plaintiff.

Cornelius R. Rosdahl, for the defendant.