## GEORGE S. WILLIS *vs.* GROVE E. HULBERT.

Berkshire. Jan. 5. — Feb. 1, 1875. ENDICOTT & DEVENS, JJ., absent.

A deed of land provided that the grantee should pay the principal of a mortgage to which the premises were subject, that the grantor should pay the interest thereon as long as he occupied the premises, and that the grantee should pay the interest afterwards accruing. The grantee afterwards brought an action against the grantor for the use and occupation of the premises, and at the trial was permitted to put in oral evidence of an agreement, made at the time of the delivery of the deed, that the grantor might continue to occupy the premises until a day named, free from rent, if he would pay the interest on the mortgage to that date, and, if he occupied longer, that he should pay a fair rent. *Held*, that the evidence was rightly admitted.

CONTRACT upon an account annexed to recover for the use and occupation by the defendant, from February 7, 1871, to March 15, 1873, of certain premises conveyed to the plaintiff by the de-

fendant December 10, 1870. At the trial in the Superior Court, before *Brigham*, C. J., the jury found for the plaintiff, and the defendant alleged exceptions. The nature of the case appears in the opinion.

*M. Wilcox*, for the defendant.

*T. P. Pingree & J. M. Barker*, for the plaintiff.

MORTON, J. The plaintiff and defendant made an exchange of estates, and each executed and delivered a deed of his estate to the other. The defendant's estate was incumbered by a mortgage, and his deed to the plaintiff contained the following provision : " Said premises are subject to a certain mortgage heretofore given to Henry Noble for the principal sum of twenty-five hundred dollars and interest, the principal sum of twenty-five hundred dollars of which said George S. Willis assumes and is to pay, and the interest on which mortgage up to this date, and for such further time as I, the said Hulbert, shall occupy said above granted premises, I the said Hulbert am to pay, and said Willis is to pay such interest as shall accrue on said mortgage after I shall cease to occupy said premises."

At the trial, the court permitted the plaintiff to prove by parol that, at the time the deeds were delivered, it was agreed between the parties that the defendant might continue to occupy the premises until the first day of May following, free from rent, if he would pay the interest on the mortgage to that date, and if he occupied longer that he should pay a fair rent.

We are of opinion that this evidence was properly admitted. The purpose of the above cited provision in the defendant's deed was to fix the extent to which the plaintiff should be liable upon the mortgage debt, and it does not purport to contain a complete agreement as to the terms upon which the defendant may occupy the premises. It fixes no time during which the occupancy is to continue. To construe it as an agreement that the defendant might occupy as long as he paid the interest on the mortgage would clearly defeat the intentions of the parties. It was competent for the plaintiff to show a parol agreement by which the time of occupancy contemplated in this provision of the deed was limited. The parol testimony admitted proved a collateral agreement incidentally connected with the stipulations of the deed, but did not contradict them.                    *Exceptions overruled.*