## James McCormick vs. James Cheevers.

Suffolk. March 7. — 25, 1878. Colt & Soule, JJ., absent.

The defendant conveyed a parcel of land to the plaintiff after the mayor and alder-
men of a city had made an order, under the St. of 1872, c. 299, requiring the own-
ers of certain lands, including the parcel of the defendant, to fill them up to a
specified grade. The plaintiff, before accepting the deed, said to the defendant
" You have to pay for the filling in ; " to which the defendant replied, " All right,
I will pay it." The plaintiff then accepted the deed and paid the purchase
money. An assessment was subsequently laid by the mayor and aldermen upon
the land, and the plaintiff paid it. *Held*, in 'an action for the amount of the as-
sessment, that the evidence disclosed a valid independent agreement by the defend-
ant to pay any assessment for filling which the mayor and aldermen might lay
upon the land. conveyed, whether the proceedings, under which the assessment
was laid, were regular or not.

Contract. The declaration contained two counts. The first
count was upon the covenant against incumbrances contained in
the defendant's deed to the plaintiff, delivered June 12, 1874,
of a parcel of land in Cambridge ; and alleged that the plaintiff
had been obliged to pay an assessment for filling in the land,
levied by the mayor and aldermen of Cambridge under the St.
of 1872, c. 299 ; and which was a lien on the land when the
deed was made. The second count alleged that the defendant, in
consideration of the purchase of the land by the plaintiff, orally
promised to pay any assessment that might be laid upon the
land on account of any filling or grading in process at the time
the plaintiff bought the land.

At the trial in the Superior Court before *Allen*, J., without a
jury, the plaintiff offered in evidence, under the first count, an
attested copy of an order of the mayor and aldermen, dated Oc-
tober 9, 1872, requiring the owners of land in a certain district
within which was the land sold, to fill in their lands to a speci-
fied grade ; also a copy of the order making the assessment
dated April 19, 1876, and a bill of the amount assessed on the
land sold, which the plaintiff paid.

The defendant asked the judge to rule that §§ 4, 5, 8 of the
St. of 1872, c. 299, were unconstitutional, and that the assess-
ment was invalid on account of certain alleged irregularities in
the proceedings, which it is not necessary now to state in detail.
The judge refused to give the rulings requested.

Under the second count the evidence in behalf of the plaintiff was as follows: The plaintiff testified that he said to the defendant, "You have to pay for the filling in;" that the defendant said, "There is no filling, or very little;" that the plaintiff said, "There is some;" and the defendant replied, "All right, I will pay it." · The plaintiff's wife testified that the defendant said he would pay for the filling; that he would pay the assessments or bills when they came in from the city; that she held the money, the price for the land, and would not pay it over until he said this. Both the plaintiff and his wife testified that this conversation occurred at their lawyer's office, at the interview when the deed was delivered, and just before it was delivered, and that the deed was read to them. The plaintiff's attorney, who took the acknowledgment of the deed, testified that he was present, recollected some such conversation, and that he told them the deed would probably bind Cheevers any way.

The judge ruled that the evidence was sufficient to prove an independent separate promise, not included in the deed, and found for the plaintiff. The defendant alleged exceptions.

*H. Stevens*, for the defendant.

*W. B. Durant*, for the plaintiff.

MORTON, J. The presiding justice of the Superior Court who tried this case without a jury, found for the plaintiff upon his second count, upon the ground that the defendant at the time the deed was given made an independent agreement to pay any assessments which the mayor and aldermen of Cambridge might lay for the filling of the land conveyed. There was sufficient evidence to justify this finding, and the case cannot be distinguished from *Carr* v. *Dooley*, 119 Mass. 294. The several questions raised by the defendant as to the validity and regularity of the proceedings of the city authorities in laying the assessment are immaterial. The whole object of the separate agreement would be defeated if the plaintiff was obliged to contest the regularity of these proceedings, at an expense probably greater than the whole amount of the assessment.

*Exceptions overruled.*