WILLIAM H. GRAFFAM *vs.* ANDREW PIERCE.

Middlesex.  Nov. 9, 1886.—Jan. 10, 1887.  HOLMES & GARDNER, JJ., absent.

A. and B. entered into an oral agreement, by which A. agreed to convey a house to B., in consideration of a certain sum to be paid by B. to A., and the lease of a hall belonging to B. for a term of years, to be made by B. to A.; and afterwards, but during the same conversation, B. promised to put a hard-pine floor into the hall when A. should request it, and A. promised to cement the cellar of the house when B. should request it. Subsequently the deed of the house and the lease of the hall were executed and delivered, and both were silent as to any agreement to lay a hard-pine floor in the hall and to cement the cellar of the house. A., upon B.'s request, cemented the cellar of the house; but B. refused to lay a hard-pine floor in the hall, when requested by A. A. thereupon brought an action against B. for a breach of the agreement to lay the floor, and, upon an account annexed, for cementing the cellar. *Held*, that oral evidence of the collateral separate agreement was admissible, and that the action could be maintained.

CONTRACT, in two counts. The first count was for the breach of an oral contract to lay a hard-pine floor in a certain public hall, in consideration of the plaintiff's agreement to cement one hundred and fifty-four yards of cellar bottom for the defendant. The second count was upon an account annexed for cementing said cellar bottom. Answer, a general denial. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff testified that, on April 5, 1884, he entered into an oral agreement with the defendant, by which he agreed to convey to the defendant two houses, situated on Washington Street, in Malden, in consideration of the sum of $5000, to be paid to him by the defendant, together with a lease of a hall belonging to the defendant for the term of five years, to be

made by the defendant to the plaintiff; that, after the above agreement was made, but during the same conversation, the defendant promised to put a hard-pine floor into the hall when the plaintiff should request it; that he, the plaintiff, promised to cement the cellars in the two houses when the defendant should request it; that all agreements between the parties relating to the houses and hall, and all matters connected therewith, were made on said day; that the keys of the hall were delivered on that day, when the agreement to convey was completed; that a deed of the houses and a lease of the hall were made on April 7, 1884, by the plaintiff's direction; and that on April 10 the deed was acknowledged, and both the deed and the lease were delivered, and the $5000 paid.

The deed and the lease were put in evidence by the plaintiff.

The plaintiff further testified, that, on April 15, 1884, he was requested by the defendant to cement the cellars, which he did, and soon afterwards requested the defendant to put the hard-pine floor into the hall, but the defendant refused so to do, unless the plaintiff would first tell him what he was going to let the hall for; and that he repeatedly requested the defendant to put in the floor, and the defendant always refused, except upon that condition.

Upon cross-examination, it appeared that both the deed and the lease were silent as to any agreement to cement the cellars and to put a hard-pine floor into the hall; and the defendant objected to the admission of oral evidence to prove such an agreement.

At the close of the plaintiff's evidence, the defendant requested the judge to rule that "no verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to affect its construction;" and that the plaintiff, upon the evidence, could not maintain his action. The judge so ruled.

The plaintiff then requested the judge to allow the case to go to the jury upon the second count. The judge refused so to do; and directed the jury to return a verdict for the defendant upon both counts. The plaintiff alleged exceptions.

*W. Schofield*, for the plaintiff.

*J. H. Fiske*, for the defendant.

FIELD, J.   The original agreement was oral.   So far as it was an agreement for the sale of " lands, tenements, or hereditaments, or of any interest in or concerning them," it was within the statute of frauds, but the statute of frauds has not been pleaded, and the agreement has been executed by both parties as to all matters within the statute.   " If some of the stipulations in a contract are within the statute and others are not, and those which are within it have been performed, an action lies upon the other stipulations, if they are separate."   *Trowbridge* v. *Wetherbee*, 11 Allen, 361.   *Page* v. *Monks*, 5 Gray, 492.

The written papers executed by the parties were in performance of the oral contract, and there is nothing in them inconsistent with the alleged promise of the defendant to put a hard-pine floor in the hall whenever the plaintiff should request it.   This is a promise in its nature separable from the rest of the contract, and a promise to do something after the execution of the lease, and it relates to a subject distinct from anything contained in the lease.   *Page* v. *Monks, ubi supra.*   As the original contract was oral, the rule that no oral evidence of prior or contemporaneous agreements can be received to add to or vary the terms of a written contract, has not its usual application. But as the performance of the oral contract consisted in part in the delivery of written contracts, if these contracts contained stipulations relating to the subject of the alleged promise, no prior or contemporaneous oral promise inconsistent with their terms could be received in evidence; nor could evidence of any prior or contemporaneous oral promise be received, if the written contracts delivered appeared to contain all the engagements of the parties on the subject, or to have been intended as a complete statement or performance of the whole contract.   The case at bar, however, is clearly within the cases where oral evidence of a collateral separate agreement has been received.   *Page* v. *Monks, ubi supra.*   *Rennell* v. *Kimball,* 5 Allen, 356, 364.   *Carr* v. *Dooley,* 119 Mass. 294.   *McCormick* v. *Cheevers,* 124 Mass. 262.   *Chapin* v. *Dobson,* 78 N. Y. 74.   *Eighmie* v. *Taylor,* 98 N. Y. 288.   *Lindley* v. *Lacey,* 17 C. B. (N. S.) 578.   *Morgan* v. *Griffith,* L. R. 6 Ex. 70.   *Erskine* v. *Adeane,* L. R. 8 Ch. 756, 765.

*Exceptions sustained.*