PATRICK DURKIN *vs.* BENJAMIN F. COBLEIGH.

SAME *vs.* SAME.

Suffolk.   January 21, 1892. — February 27, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Deed — Parol Agreement — Breach of Contract — Deceit.*

An agreement by parol which is collateral to a written contract, and on a distinct subject, may be proved.

A. took from B. a deed of land describing it as bounded on a street on the land of B., referring to a plan on which the street was shown. The deed contained no covenant that B. would build the street, or cause water to be introduced therein. A.'s case rested upon the proposition that, in order to induce him to buy the lot, B. orally promised to grade and build the street so as to connect with a public street already built and open, and also to cause the city water to be put into the street, by a certain specified time. *Held,* that the alleged agreement of B. should be treated as an independent collateral agreement, which need not be included in the deed, and that A. was entitled to have his case submitted to the jury.

A grantor falsely and fraudulently represented to a grantee that a right of way was appurtenant to the estate granted. By the deed, which did not mention the right of way, the lot was conveyed "with all the privileges and appurtenances thereto belonging." The grantee, having built a house upon the lot, brought an action of tort for deceit. *Held,* that the grantee was entitled to go to the jury, and that the question of the measure of damages was not before the court.

THE FIRST CASE was an action of contract, to recover damages for failure of the defendant to perform an oral agreement to grade and build a street, and cause the city water to be put therein. Trial in the Superior Court, before *Barker,* J., who directed a verdict for the defendant, and the plaintiff alleged exceptions.

*F. W. Kittredge & W. H. Drury,* for the plaintiff.

*F. Hutchinson,* for the defendant.

ALLEN, J. This is an action of contract. The plaintiff had taken from the defendant a deed of land described as bounded on a street, and referring to a plan on which the street was shown. This street was upon land owned by the defendant. The deed contained no covenant that the defendant would build the street, or cause water to be introduced therein. The plaintiff's case rests upon the proposition that, in order to induce him

to buy the lot, the defendant orally promised to grade and build the street so as to connect with a certain public street already built and open, and also to cause the city water to be put into the street, by a certain specified time. The question is whether such an oral agreement may be shown.

The plaintiff gained a right of way by estoppel over the land owned by the defendant and described as a street. *Howe* v. *Alger*, 4 Allen, 206. *Franklin Ins. Co.* v. *Cousens*, 127 Mass. 258. *Crowell* v. *Beverly*, 134 Mass. 98. And this right would extend for the entire length of the street, as indicated, provided the defendant owned the same. *Tobey* v. *Taunton*, 119 Mass. 404. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292. But the defendant would not be bound by his deed to build and maintain the street fit for travel. *Hennessey* v. *Old Colony & Newport Railroad*, 101 Mass. 540. The obligation of the defendant to do the acts now in question depends wholly on his alleged oral agreement.

A rule has been established which may be stated in general terms to be that an agreement by parol which is collateral to the written contract and on a distinct subject may be proved. It is rather difficult to lay down a precise formula to define in advance for all cases what will come within this rule. In Steph. Evid. (Am. ed.) 163, this is attempted, as follows: " The existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them," may be proved. Where the oral agreement is on the face of it inconsistent with what was written, it is plain that the writing must prevail. *Flynn* v. *Bourneuf*, 143 Mass. 277, and *Knowlton* v. *Keenan*, 146 Mass. 86, were cases of this kind. But the more difficult question arises where the oral agreement relied on relates to something not specified in terms in the writing. It must then be determined whether the written document is to be deemed to contain all that was agreed between the parties. There are many cases in which this question has been presented, and the decisions are not entirely harmonious. Thus in *Naumberg* v. *Young*, 15 Vroom, 331, the court disapproved of the de-

cisions in *Morgan* v. *Griffith*, L. R. 6 Ex. 70, and *Erskine* v. *Adeane*, L. R. 8 Ch. 756, in which cases it was held that an oral agreement by a lessor to destroy the rabbits might be proved. In an early Massachusetts case it was held that a lessor is not bound by an oral agreement to provide other and better accommodations than those stipulated for in the lease. *Brigham* v. *Rogers*, 17 Mass. 571. And on a written contract of sale of goods, an additional warranty cannot be proved by parol. *Whitmore* v. *South Boston Iron Co.* 2 Allen, 52, 58. *Eighmie* v. *Taylor*, 98 N. Y. 288. So, where one by a written instrument agreed to sell out his business stand and stock of goods, it cannot be shown by parol that he also agreed not to engage in a similar business in the same town. *Doyle* v. *Dixon*, 12 Allen, 576. *Wilson* v. *Sherburne*, 6 Cush. 68.

On the other hand, in several cases more nearly resembling the present in their facts, it has been held that an additional oral agreement might be proved. Thus oral agreements by vendors of land requiring to be filled, that they would pay for the filling, have been held to be independent collateral agreements which might be enforced. *Page* v. *Monks*, 5 Gray, 492. *McCormick* v. *Cheevers*, 124 Mass. 262. Also an oral agreement by a grantor to pay for building a sewer in the street. *Carr* v. *Dooley*, 119 Mass. 294. The case of *Graffam* v. *Pierce*, 143 Mass. 386, was deemed to come within the same doctrine. It was determined in *Ayer* v. *R. W. Bell Manuf. Co.* 147 Mass. 46, that a manufacturer of goods who accepted a written order with stipulations as to quality, price, and rebate or claims for allowance, might be held on an oral agreement to advertise the goods. See also *Willis* v. *Hulbert*, 117 Mass. 151; *Rennell* v. *Kimball*, 5 Allen, 356; Taylor, Ev. §§ 1135, 1147.

It seems to us that the case falls within the last class of decisions, and that the alleged agreement of the defendant should be treated as an independent collateral agreement which need not be included in the deed. The result is, that the plaintiff was entitled to have his case submitted to the jury.

*Exceptions sustained.*

THE SECOND CASE was an action of tort, to recover damages sustained by the defendant's deceit in falsely representing that

he had a right of way out of a certain private unbuilt street into a certain built public street, and thereby inducing the plaintiff to buy a lot on the private street and to build a house thereon.

Hearing in the Superior Court, before *Barker,* J., who directed a verdict for the defendant; and the plaintiff alleged exceptions.

This case was argued at the same time with the first case, and by the same counsel.

ALLEN, J.　This is an action of tort for deceit in inducing the plaintiff to purchase from the defendant the lot of land referred to in the preceding case.　The false representation set forth in the declaration was, in substance, that the street upon which the lot was situated, and which was a part of the defendant's land, actually extended from a public street called South Street to a public street called Dudley Avenue; and that the defendant had a right to open said street upon which the lot was situated, so as to make it continuous, and to connect with a public street at each end.　The plaintiff alleged that in fact there was an intervening strip of land which at one end of the private street cut off access to the public street.　There was evidence tending to support the averments, and to show that the defendant knew that he had no right over the intervening strip; but it was ruled that the action could not be maintained.

The defendant's right of way, if he had it, would be appurtenant to his land, and so when his land was divided up into building lots would be appurtenant to the lot bought by the plaintiff. *Whitney* v. *Lee,* 1 Allen, 198.　*Miller* v. *Washburn,* 117 Mass. 371.　And we think that if he falsely and fraudulently represented to the grantee that a right of way was appurtenant to the estate granted, such misrepresentation might be actionable. Whether a right of way existed or not was a thing not open to be ascertained by an ocular inspection of the premises.　Nevertheless the representation related to an actual state of things or fact, the existence or non-existence of which might naturally affect the value of the land sold.　*Dawe* v. *Morris,* 149 Mass. 188. The possible importance of the supposed right of way is obvious. In a case which arose in England, *Denne* v. *Light,* 8 DeG., M. & G. 774, it was held that where an important supposed means of

access to premises bargained for was wanting, so that it was uncertain whether the purchaser could reach the estate at all times of the year, specific performance would not be decreed against him, even though there was no fraud. And in *Brewer* v. *Brown*, 28 Ch. D. 309, the particulars of sale of a freehold property described the garden as enclosed by a rustic wall with a tradesmen's side entrance, but it appeared that the wall did not form part of the property and the tradesmen's side entrance was used on sufferance; and it was held that one who had contracted to purchase the property was entitled to have his contract rescinded.

With still stronger reason, if there has been a fraud in representing that an important right of way existed, when it did not exist, the purchaser should be entitled to a remedy. The plaintiff, having built a house upon his lot, cannot well rescind the contract, but seeks compensation in damages for the alleged deceit. It was not necessary that the right of way should be expressly mentioned in the deed. The lot was conveyed "with all the privileges and appurtenances thereto belonging," and a way appurtenant would pass though not mentioned. It was a matter outside, not open to easy verification, and relating to a particular in respect to which the plaintiff had not equal means of knowing the truth. *Medbury* v. *Watson*, 6 Met. 246, 260. We think the plaintiff was entitled to go to the jury. The case bears considerable resemblance to *Monell* v. *Colden*, 13 Johns. 395, cited by the plaintiff. See also *Ward* v. *Wiman*, 17 Wend. 193; *Savage* v. *Stevens*, 126 Mass. 207; 1 Story Eq. Jur. 205, 225; *Hough* v. *Richardson*, 3 Story, 659, 690; *Doggett* v. *Emerson*, 3 Story, 700, 732; *Attwood* v. *Small*, 6 Cl. & Fin. 232, 395, 444, 447.

The question of the measure of damages is not before us. It is obvious that a recovery in the action of contract might include elements of damage which otherwise might be included in the present action. But there might be damages recoverable in this action which would not be recoverable in that. At present, we have nothing to do with any question of damages.

                                        *Exceptions sustained.*