EDWARD P. KEITH *vs.* WILLIAM S. RADWAY & another & trustees.

Suffolk.    March 17, 1915. — June 23, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Contract,* Agreements collateral to a promissory note, In writing. *Bills and Notes. Pleading, Civil,* Declaration.

An agreement to renew a promissory note is a collateral agreement and not an agreement that contradicts the note.

A declaration alleged that the defendant owned three quarters of the capital stock of a certain corporation; that the plaintiff owned bonds and capital stock of the corporation; that the plaintiff was urged by the defendant to purchase further bonds of the corporation in the amount of $1,100, and that the defendant "promised, agreed and warranted" to the plaintiff that, if he would do so, the defendant would lend him the money to pay therefor on the plaintiff giving to the defendant his collateral promissory note secured by the bonds so purchased and by the bonds and shares of stock he already owned, and further would provide the corporation with money to a certain amount and would see to it that the bonds would be redeemed at an early date "from the funds so to be provided by the" defendant, "at which time" the plaintiff's note "could be paid, and that the" defendant "would carry said note until that time and that in the meantime the interest on said bonds and the dividends on said stock would take care of the interest on said note;" that the plaintiff,

relying on such "promises, representations, agreements and warranties," did as he was urged to do; that his collateral note was renewed from time to time; that at a certain date when the plaintiff's last note was overdue, the plaintiff's bonds were worth $8,700, and that the defendant, in violation of his "representations, agreements, promises and warranties" at that time "sold out the said bonds and stock at public auction without notice to or knowledge of the plaintiff and bought them in through a dummy bidder for $250." The defendant demurred. *Held,* that the alleged "promises, agreements, representations and warranties" were not contradictory of the note, but were collateral to it, and that the declaration, although not well drawn, set forth a cause of action and was not so badly drawn as to warrant a sustaining of the demurrer.

CONTRACT OR TORT, with a declaration as amended in five counts. The material allegations of the fifth count, which alone is material to this decision, are described in the opinion. Writ dated May 21, 1914.

The defendant demurred to the declaration and to each count thereof. The demurrer was heard by *Wait,* J., and was sustained as to each count excepting the second, which alleged a cause of action for conversion. The plaintiff then discontinued as to the second count, the defendants moved for judgment, judgment was entered for the defendants; and the plaintiff appealed.

The case was submitted on briefs.

*G. L. Wilson,* for the plaintiff.

*J. A. Mahoney,* for the defendants.

LORING, J. The fifth count in substance alleges that the defendants owned and still own three quarters of the capital stock of a corporation there named; that within six years the plaintiff was the owner of bonds of that corporation to the amount of $500, and two hundred and eighty-four shares of its capital stock; that although he did not wish to do so and had no money for the enterprise hereinafter described (as the defendants well knew) the defendants induced him to buy bonds of the corporation amounting to $1,100, and "promised, agreed and warranted" to the plaintiff that if he would buy said additional $1,100 of bonds the defendants would lend him the money to pay for the same on his giving them his collateral promissory note secured by the bonds so purchased, the bonds he then had and the two hundred and eighty-four shares of stock he then had, and further that they would provide the corporation with money to the amount of $50,000, and would see to it that the bonds would be redeemed at an early date "from the funds so to be

provided by the defendants, at which time the note could be paid," and "that they would carry said note until that time and that in the meantime the interest on said bonds and the dividends on said stock would take care of the interest on said note;" that the plaintiff, relying on said "promises, representations, agreements and warranties," bought the additional $1,100 of bonds, executed a collateral promissory note and pledged as security for it the bonds mentioned above amounting to $1,600 and the two hundred and eighty-four shares of stock; that thereafter the note was renewed from time to time, "and on March 18, 1914, said bonds and stock were of the value of $8,700," whereupon the defendants in violation of their representations, agreements, promises and warranties above set forth "sold out said bonds and stock at public auction without notice to or knowledge of the plaintiff and bought them in through a dummy bidder for $250."

The defendants in their brief have taken the position that the note was overdue at the time that the plaintiff's securities were sold and bought in by them. We take the case on that basis. Their defence is that the promises, agreements and warranties relied upon by the plaintiff and which the plaintiff says were broken when the bonds and stocks were sold at public auction, were promises, agreements and warranties which contradicted the notes; but we are of opinion that that is not so. We are of opinion that the promises, agreements and warranties alleged in the declaration were agreements collateral to the note. They were in effect that they would renew the note until the funds of the corporation were sufficient to enable it to pay the plaintiff the principal of the bonds which was more than the amount of the note. An agreement to renew a note is a collateral agreement and not an agreement which contradicts the note. For cases where the principle of collateral agreements has been applied, see *Willis* v. *Hulbert,* 117 Mass. 151; *Carr* v. *Dooley,* 119 Mass. 294; *McCormick* v. *Cheevers,* 124 Mass. 262; *Graffam* v. *Pierce,* 143 Mass. 386; *Ayer* v. *R. W. Bell Manuf. Co.* 147 Mass. 46; *Durkin* v. *Cobleigh,* 156 Mass. 108; *Cole* v. *Hadley,* 162 Mass. 579; *Drew* v. *Wiswall,* 183 Mass. 554.

This count of the declaration is not well drawn. But it sets forth a cause of action. On the whole it is not so badly drawn that the defendants should be allowed to escape the liabil-

ity there set forth because it is not set forth with more formality.

The entry must be: Judgment reversed so far as the fifth count is concerned. The case to stand for trial on the fifth count.

*So ordered.*