*Northern District*
No. 4655
(June 30, 1953)
**MANUEL B. SEARS, et al.**
**v.**
**NELLO CERQUA, et al.**

Gadsby, P. J. This is an action of contract in which the plaintiffs seek to recover damages against the defendants for the defendants' failure to complete landscaping to grade with loam covering at least six inches and to construct retaining walls satisfactory to the plaintiffs, according to a written agreement entered into between the parties, dated the 23rd day of October, 1951. The answer is a general denial with a special defense of performance based on language in the agreement referred to above.

At the trial the evidence put forth by the parties was of a diametrically opposed nature as to whether or not the defendants had performed the covenants in the agreement to complete landscaping to grade

with loam covering at least six inches and to construct satisfactory retaining walls. At the close of the trial and before the final arguments the plaintiffs made the following requests for rulings:

3. The making and delivering of a deed by a grantor when the full purchase price called for in a prior executed agreement has not been paid is an admission by the grantor that there remains to be done something further and the grantor is not entitled to rely on the defense that the acceptance of the deed by the grantee constituted full performance of the agreement.

6. Where a covenant in a contract binds the maker to "build retaining walls satisfactory to the buyer" the buyer's requests for retaining walls 25 feet long and 12 feet long, respectively, on either side of a driveway are not unreasonable.

7. The date for performance, mentioned in the agreement, referred only to the conveyance of the premises and in no way executed the defendants' obligation to perform the covenants in the agreement which do not run to the premises.

The Court denied the foregoing requests for rulings. The Court made the following findings of fact and of law:

"I find that the plaintiffs did not establish by a fair preponderance of the evidence that the landscaping was not brought to grade with loam covering at least six inches, or that the retaining walls was not satisfactory, and further rule as a matter of law that the provision in the contract "the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof", bars the right of recovery of the plaintiffs, even if the evidence was sufficient otherwise to sustain the plaintiffs' action," and found for the defendants.

The principle question of law which was raised was whether or not the agreement to landscape and to construct retaining walls merged in the deed accepted by the plaintiffs so that there could be no

recovery for such alleged failure. Pybus v. Grasso, 317 Mass. 716, holds that promises which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed, are not necessarily merged in the deed, but may survive it and be enforced after the deed is given. This case involved the defendant sellers' obligation to live up to their agreement to grade and loam in a certain manner, and to build retaining walls to satisfy the buyers. These are additional and collateral promises, not inconsistent, which survive the deed. See Carr v. Dooley, 119 Mass. 294, where there was a collateral promise binding the seller to pay sewer assessments. After a deed was given and accepted, the buyer brought an action on the seller's special promise to pay the assessments. The Court held that the promise was a distinct and separate matter and did not merge in the deed. Pierce, 143 Mass. 386; Durkin v. Cobleigh, 156 Mass. 108.

Therefore the Court erred in the denial of the plaintiffs' request #3, but this error becomes immaterial because the Court found as a fact that the plaintiffs did not establish by a fair preponderance of the evidence that there was a failure on the part of the defendants to complete the landscaping according to the agreement or that the retaining walls were not satisfactory.

It would appear that the finding of fact was unaffected by the erroneous ruling and was intended to stand as a finding of fact even if the ruling of law was erroneous. It seems that the judge intended the finding of fact to stand by itself and that he was not influenced in making said finding by the manner in which he dealt with the request for rulings. Brodeur v. Seymour, 315 Mass. 527, 530.

There being no prejudicial error committed by the trial judge, the report is ordered dismissed.

For Plaintiffs: John F. Corbett.
For Defendant: John P. Regan.