Hillsborough,
No. 4304.

KATHLEEN MCMAHON *v.* WILFRED POISSON & a.

Argued June 1, 1954.

Decided July 30, 1954.

*Sullivan & Gregg* and *Joseph M. Kerrigan* (*Mr. Kerrigan* orally), for the plaintiff.

*Albert Terrien* (by brief and orally), for the defendants.

BLANDIN, J.   The exceptions transferred are to the refusal of the Court to grant a nonsuit or directed verdict on the ground that the action was barred by the statute of frauds (R. L., *c.* 383, *s.* 1), and to its refusal to set aside the verdict and enter judgment for the

defendants notwithstanding. The argument that the statute of frauds is a bar to this action overlooks the vital fact here that the plaintiff has fully performed her part of the bargain by paying the purchase price of the property, accepting the deed and taking possession. In addition to this, she has paid taxes and made improvements. If the contract be considered here as indivisible (see *Lemire* v. *Haley,* 91 N. H. 357), since the defendants have accepted the full consideration to be paid by the plaintiff, she may recover damages for the divisible portion of the performance promised by them which is not within the statute of frauds. *Page* v. *Monks,* 5 Gray 492. 2 Williston on Contracts (rev. *ed.*) 1538. The plaintiff is entitled to relief and the statute is not a bar. Only damages are sought, and they may be recovered. See *Lambert* v. *Lambert,* 96 N. H. 376, 377; *Weeks* v. *Lund,* 69 N. H. 78.

On the other hand, if the oral agreement to make repairs and improvements may be considered in the nature of a collateral contract, the plaintiff's right to maintain her action is equally clear. It is in no way inconsistent with the deed and is such an agreement as might naturally be omitted from the deed itself. See *Pybus* v. *Grasso,* 317 Mass. 716, 719; Restatement, Contracts, *s.* 240, (1 b) *comment* d. Furthermore, the promises made by the parties which were within the statute have been fully performed by each and the collateral undertakings no longer fall within its prohibition but are enforceable. Restatement, Contracts, *s.* 221; *Graffam* v. *Pierce,* 143 Mass. 386.

The defendants also contend that the verdict should be set aside on the usual grounds, and because it was excessive. The Court has found that the trial was fair and that the jury were not influenced by any improper motives. We believe this finding and the amount of the verdict were warranted by the record and it follows that this exception cannot prevail.

Finally, the defendants claim that some of the plaintiff's testimony was incredible. While it is true that credibility may become a matter of law (*Wilson* v. *Bank,* 95 N. H. 113, 115), it is only in clear cases that the Court can rule that testimony is unworthy of belief. *Romano* v. *Company,* 95 N. H. 404, 407. We do not believe that such a situation exists here and it follows that the order is

*Judgment on the verdict.*

All concurred.