*Southern Division*
No. ......................
**LEON GAINSBORO**
v.
**BENJAMIN SHAFFER, ET AL**

*Present*: Nash, P.J., Cox and Welch, JJ.

Case tried to COMERFORD, SP. J., in the Municipal Court of Brookline. No. 562 of 1947.

*Welch, J.* In this action of contract the plaintiff seeks damages because of the defendant's failure to transfer to him a roof guaranty pursuant to an agreement to do so, in connection with the sale by the defendant and purchase by the plaintiff, of a house on Sharpe Road in the City of Newton.

There was a finding for the plaintiff in the sum of $1200.

The defendant Schaffer claims to be aggrieved by the denial of his requests for rulings of law as follows:

1. The evidence requires a finding for the defendant.

2. The law requires a finding for the defendant.

8. The acceptance of the deed by the plaintiff discharges all of the obligations of the defendant.

By common consent, we are concerned only with count 2 of the declaration as amended, as follows:

"*COUNT* 2. The plaintiff says that he and the defendant Benjamin Shaffer entered into an assignment on January 12, 1955, for good consideration, under the terms of which the defendant was to assign all his right, title and interest to the roof

bond to the plaintiff. That the defendant has breached said agreement dated January 12, 1955, by not transferring said bond to the plaintiff to his damage as alleged in his writ. (By amendment) That the roof on said property has since deteriorated and the said guarantee called for the restoration of said roof without cost to the plaintiff, and that on account of the acts of the defendant Benjamin Shaffer, the plaintiff has been greatly damaged."

It appears that by a written agreement dated November 29, 1954, the defendant agreed to sell and the plaintiff to purchase, the premises described as lot 8, Sharpe Road, in the City of Newton. The house was then in the process of completion. The agreement contained the paragraph:

"The Seller herein agrees to execute an assignment to the Buyer of all warranties received by him from subcontractors with reference to plumbing, heating and roofing of the subject premises."

On January 12, 1955 the parties met at the office of the attorney representing the mortgagee for the purpose of passing papers. There was evidence that before the deed was given and accepted, the defendant told the plaintiff he had a 20-year bond on the roof, that if any part of the roof "went out of repair" it would be repaired without cost to the plaintiff, and that the bond would be delivered to the plaintiff within the next few days. The evidence was that the plaintiff did not receive the roof bond or guaranty at the

time set for passing papers, but the defendant did on that occasion execute and deliver to the plaintiff a document, Exhibit 2, as follows:

"ASSIGNMENT January 12, 1955 For and in consideration of the passing of papers upon the premises located on lot 8, Sharpe Road, Newton, Mass., I hereby assign all my right, title and interest in and to the following service guarantees:

1. Hot water heater.
2. Boiler-heating system.
3. Oven and stove.
4. Roof.
5. Disposal.

(Signed) Benjamin Shaffer"

Shaffer promised that he would deliver the guarantee within the next few days. The deed and other papers were then passed. The judge made these findings and there was evidence to support them. The judge also found "that the talk re: a warranty or bond for the performance of the roof was more than sales talk standing alone, but with exhibit 2, the plaintiff had more than talk to persuade him to make the purchase of the house in question."

The roof proved defective within a year and the plaintiff has not received a roof bond or guaranty, nor has the roof been repaired by the defendant or the roofer, William Picardi, who is also a defendant.

The only questions before us relate to the liability of the defendant Shaffer. There is nothing relative to the amount of the damages assessed by the judge in his finding against the defendant Shaffer.

It is evident that the plaintiff would not complete the purchase of the property without the roof and other guarantees, and that, in order to induce the completion of the sale and purchase, the defendant executed Exhibit 2 and promised to deliver the guarantees within a few days. Not having delivered the roof guaranty which he not only undertook to assign to the plaintiff on January 12, 1955, but also orally agreed to deliver within a few days in order to effect the sale, the defendant is liable to the plaintiff for the consequences of his failure. The oral agreement to deliver the roof guaranty within a few days must be treated as an integral part of the assignment and of the transaction on January 12, 1955 and is to be given effect. *Maybury Shoe Co. v. Izenstatt,* 320 Mass. 397, 403, 404. See also *Durkin v. Cobleigh,* 156 Mass. 108, 109.

The defendant contends that he agreed in the sale and purchase agreement to assign only such guarantees as he received from his sub-contractors, which he did on January 12, 1955 and that he has accordingly done all that he was legally required to do. Whatever substance that position may have formerly possessed, had been completely dissipated by the events of January 12, 1955. On January 12, 1955 the defendant did not merely assign such warranties as he might receive from sub-contractors, as the sale and purchase agreement provided, but assigned all right and interest "in and to the following service guarantees" with particular reference to "Roof", and orally agreed to deliver the

guaranty in a few days. It was only on the strength of that assignment and his oral agreement to deliver the guaranty in a few days that the defendant was able to induce the plaintiff to complete the sale. Those facts work an estoppel against the defendant's contention and make him liable for his default. It has been held that "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable." *Augello v. Hanover Trust Co.,* 253 Mass. 161, 167. In *McLearn v. Hill,* 276 Mass. 519, it is written: "Fraud in its strict sense is not essential to estoppel", but an estoppel may be created not only by "fraud arising from an intention to mislead" but also by "words or conduct not consonant with fairness and designed to induce action by the plaintiff to his harm in nature not different from that caused by fraud in its grosser aspects." *Ford v. Rogovin,* 249 Mass. 549, 552. In our opinion the judge's finding clearly bring the case within the rule of estoppel which should be invoked in the interests of fair dealing. We see no error in the denial of the defendant's requests numbers 1 and 2. In the light of what has been said they could not have been granted.

By his request for ruling number 8, the defendant relies upon the rule that "The

acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the parties so accepting except such as are embodied in the deed . . ." *Restatement*: *Contracts*, §§413, 241(1)(b). *Pybus v. Grasso*, 317, 716, 717, 718. That rule has had wide application. However, "To the general rule as stated above there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged in the deed but may survive it and may be enforced after the deed is given." *Pybus v. Grasso*, 317 Mass. 716, 719. The assignment on January 12, 1955 and the oral agreement on the same day were both given at the time of the deed and manifestly looked for fulfillment to a time following the deed. The guaranty itself, if delivered was to be effective for years. It must be held, therefore, that it was the clear intention of the parties that the defendant's oral agreement to deliver the guaranty in a few days is additional or collateral to the conveyance, and not being inconsistent with the deed is not merged in it. The case comes within the exception to the rule alluded to in *Pybus v. Grasso*, 317 Mass. 716. It has been held that a buyer's liability to pay the broker's commission did not cease with the acceptance of the deed. *Berman v. Geller*, 325 Mass. 377. In *Shute v. Taylor*, 5 Met. 61 (cited in *Pybus v. Grasso* at p. 719) it was held that the deed did not operate as full satisfaction of the con-

tract where both parties understood that it would not if it should later turn out that a smaller area than that which was agreed upon had been conveyed. In *H. D. Foss & Co., Inc. v. Whidden,* 254 Mass. 146 there was a contract by the defendant to construct a building and then lease it to the plaintiff. The contract contained the form of lease to be given and a specification that the basement was to be waterproofed. It was held that although the lease was executed after the contract was made, the plaintiff could recover for the failure to waterproof "under the independent agreement contained in the written contract." In *Graffam v. Pierce,* 143 Mass. 386, an undertaking to construct a hard wood floor survived a lease as a separable promise. Agreement by a vendor of land that he would pay for filling the land, has been held enforceable as an independent collateral agreement which survived the deed. *Page v. Monks,* 5 Gray 492. *McCormick v. Cheevers,* 124 Mass. 262. The same has been held with reference to an undertaking to build a sewer in a street, *Carr v. Dooley,* 119 Mass. 294; and an undertaking to build a street, *Durkin v. Cobleigh,* 156 Mass. 108. In *Spear v. Hardon,* 215 Mass. 89, 91, it was observed that "It is not always easy to decide on the facts arising in different cases between an independent agreement and one which was a part of the agreement subsequently put in the form of a lease." The cases cited, however, serve to illustrate and to confirm the conclusion that the agreement involved in the instant case was not merged with the deed on

January 12, 1955. In our opinion, request number 8 was rightly denied. (See: *Barclay v. Hingham Land Company,* 9 *Legalite* 208).

As we perceive no error of law prejudicial to the defendant, an order should be entered dismissing the report.

George Michaels of Boston for the Plff.

Samuel H. Lewis and Herbert D. Lewis, both of Boston for the Deft. Shaffer.

William Picardi of Wellesley, *pro se.*