WILLIAM LIPSON *vs.* SOUTHGATE PARK CORP.

Suffolk.    January 10, 1963. — March 28, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Contract,* For sale of real estate, Building contract, Performance and breach, Merger. *Deed,* Acceptance. *Merger.*

Where a paragraph of an agreement for sale and purchase of land and a dwelling to be constructed thereon by the seller in accordance with detailed drawings and specifications originally contained two provisions, the first that "The acceptance of a deed and possession by the Buyer . . . shall not be deemed to be conclusive of the performance by the Seller-Contractor of the terms of this Agreement, in whole or in part," and the second that "the payment of the purchase price by the Buyer shall not be construed to constitute an acceptance of improper work or

faulty materials," and the parties deleted the first of such provisions, leaving the second provision intact, acceptance of a deed by the buyer was not to be construed as conclusive of performance by the seller of the terms of the agreement relating to the construction of the dwelling. [622–624]

In an agreement for sale and purchase of land and a dwelling to be constructed thereon by the seller in accordance with detailed drawings and specifications, the separable and collateral provisions respecting construction of the dwelling were not merged in a deed merely conveying the premises, and acceptance of the deed by the buyer did not discharge the obligation of the seller fully to perform such provisions. [625–626]

Where the parties to a contract for sale and purchase of land and a dwelling to be constructed thereon by the seller in accordance with detailed plans and specifications made at the time of passing papers an "escrow arrangement" for withholding of a part of the purchase price from the seller pending installation of certain appliances and "grading and seeding of the premises," the making of the "escrow arrangement" did not show an intent to merge the original provisions of the contract for construction of the dwelling in the deed nor preclude the buyer from recovering from the seller for breach of such provisions through improper construction performed or defective materials installed prior to passing papers. [623, 626]

CONTRACT. Writ in the Superior Court dated August 22, 1958.

The action was tried before *Tomasello, J.*

*Monto Rosenthal* for the defendant.

*William B. Sleigh, Jr. (Max J. Zieman* with him) for the plaintiff.

SPIEGEL, J. The plaintiff brought this action to recover damages for breach of a written agreement under which he purchased from the defendant "a parcel of land with a dwelling to be . . . erected thereon by the defendant in accordance with drawings and specifications attached to and made a part of" the agreement. An auditor, whose findings of fact were not final, found for the plaintiff. The case was subsequently tried to a jury and a verdict was returned for the plaintiff. The case is here upon an exception to the denial of the defendant's motion for a directed verdict. The auditor's report, which was read to the jury, and numerous exhibits have been made a part of the record.

There was evidence that on October 3, 1957, the parties entered into a written contract whereby the plaintiff agreed

to buy and the defendant to sell a parcel of land together with a house to be built thereon in conformity with certain plans and specifications. The original agreement contained the following paragraph: "The acceptance of a deed and possession by the Buyer, or such person or persons as the Buyer shall have designated as hereinbefore provided, shall not be deemed to be conclusive of the performance by the Seller-Contractor of the terms of this Agreement, in whole or in part, and the payment of the purchase price by the Buyer shall not be construed to constitute an acceptance of improper work or faulty materials." Lines in ink were drawn through the first part of this paragraph, leaving untouched that part which reads, "the payment of the purchase price by the Buyer shall not be construed to constitute an acceptance of improper work or faulty materials." The initials of the defendant's treasurer and the wife of the plaintiff appear beside the portion of the paragraph through which the lines were drawn.

On January 20, 1958, the defendant delivered a deed to the plaintiff conveying the land and the dwelling which had been erected upon it. The plaintiff paid to the defendant the agreed purchase price, less the sum of $1,000. This sum was to be withheld from the defendant until the installation of three appliances and the "grading and seeding of the premises." An "escrow arrangement" to this effect was signed by the parties on the same day the deed was delivered.

The plaintiff introduced evidence "which the defendant concedes was sufficient to warrant the jury in finding that the building was erected in an unskillful and improper manner, that the construction failed to comply with the plans and specifications, that the materials used were not the best of their respective kinds as stipulated in the contract and the work was not executed in a careful, workmanlike and substantial manner . . . and that the testimony was sufficient to warrant the jury in awarding damages in the amount of their verdict."

The defendant contends, nevertheless, that the plaintiff cannot recover on the contract because "where a deed has

been executed and accepted as performance of an executory contract to convey real estate, the contract'' is merged with the deed and the rights ''of the parties rest thereafter solely on the deed.''

The plaintiff apparently agreed to the expunging of a clause providing that acceptance of a deed by the buyer should not be deemed to be conclusive of the performance by the seller of the terms of the agreement, ''in whole or in part.'' The defendant argues that the elimination of the negative proposition implies that the affirmative of the proposition was intended. This contention ignores the fact that the remainder of the paragraph, reading ''the payment of the purchase price by the Buyer shall **not** be construed to constitute an acceptance of improper work or faulty materials'' was left intact.

It is virtually certain that the plaintiff would not have paid the purchase price to the defendant unless he received a deed to the premises, and it is just as certain that the defendant would not have delivered a deed to the plaintiff without receiving the purchase price. The exchange would be simultaneous.[1] It seems to us that the words ''payment of the purchase price,'' which payment is obviously contingent upon the delivery of a deed, are interchangeable with the words ''acceptance of a deed.'' To rule otherwise would make the use of the phrase ''payment of the purchase price'' meaningless. Therefore, the acceptance of the deed is not to be construed as conclusive of ''performance . . . of the terms of this Agreement'' in so far as they relate to the construction of the dwelling.

However, we need not rest our decision on the ground above stated. Even if we should assume that the words

---

[1] The following terms are included in the purchase and sale agreement:

| | |
|---|---|
| ''Deposit to date | $500.00 |
| Cash to be paid upon the signing of this Agreement | 1,000.00 |
| *Balance to be paid* in cash and/or bank cashier's checks or certified checks *at the time of the delivery of the deed* | 34,100.00 |
| Total | $35,600.00'' |

(emphasis supplied).

"payment of the purchase price" are not to be construed as interchangeable in meaning with the phrase "acceptance of a deed," the plaintiff would not be barred from recovery.

In *Pybus* v. *Grasso,* 317 Mass. 716, 717, we stated the rule to be that: "The acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting except such as are embodied in the deed . . . ." We went on, however, to say that: "To the general rule as stated above there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged in the deed, but may survive it and be enforced after the deed is given." *Pybus* v. *Grasso, supra,* 719. See also *McCormick* v. *Cheevers,* 124 Mass. 262, 263; *Graffam* v. *Pierce,* 143 Mass. 386, 388, and Restatement: Contracts, §§ 413, 240 (1).

We think the case before us falls within the exception to the general rule quoted above. There were at least two separable undertakings agreed to by the defendant: (1) to convey a parcel of land; (2) to construct a house in accordance with detailed plans and specifications.

A jury could find that an agreement, containing detailed plans and specifications for the erection of a dwelling, is not ordinarily included in a deed and that the acceptance of the deed was only conclusive of the performance of the first undertaking. A provision in a contract as to title and possession will usually be merged in an accepted deed. However, the provisions imposing an obligation upon the defendant to erect a dwelling were so far collateral to the undertaking relating to title and possession, as to indicate that the omission of these provisions from the deed was without an intent to preclude their survival. Unlike the *Pybus* case, there was nothing in the collateral undertaking which was inconsistent with the deed. The deed merely conveyed the premises but it did not constitute performance of an agreement which provided for the erection of a building "in a careful, workmanlike and substantial man-

ner'' and the use of ''new and . . . best'' materials in its construction.

In deciding that all the provisions of the purchase and sale agreement were not merged into the accepted deed, we find ourselves in agreement with *Allen* v. *Currier Lumber Co.* 337 Mich. 696, 700–701, *Stevens* v. *Milestone,* 190 Md. 61, 65–66, *Greenfield* v. *Liberty Constr. Corp.* 81 N. Y. S. 2d 550, 552, *Weinberg* v. *Wilensky,* 26 N. J. Super. 301, 304–305, and the numerous cases cited in 84 A. L. R. 1017 and 38 A. L. R. 2d 1320.

The defendant also contends that '' [i]n the absence of fraud, and none is pleaded, no action would lie on the original contract'' because the ''making of the collateral (escrow) agreement at the time of closing shows the intention of the parties that . . . [t]he original contract be merged in the deed, and . . . [t]he escrow agreement survive the deed.'' We see no merit in this contention.

The effect of the escrow agreement was merely to permit the plaintiff to postpone payment of a portion of the purchase price until the defendant installed certain fixtures and did certain ''grading and seeding.'' These were not defects in construction already performed or faulty fixtures which had been installed. We need not conclude that the plaintiff was thereby surrendering his right to recover for improper construction performed or defective materials used or installed prior to the delivery of the deed. To the extent that *Zanphir* v. *Bonnie Meadows, Inc.* 127 N. Y. S. 2d 269, cited by the defendant, may be authority for a contrary result, we choose not to follow that case.

There was no error in the trial judge's denial of the defendant's motion for a directed verdict.

*Exceptions overruled.*