*Southern District*
**MARIA D. SUSI**

**v.**

**FREDERICK L. BRAUER**

*Present*: Nash, C. J., Cox & Murphy, JJ.

Case tried to *Casey*, *J*. in the Municipal Court of the West Roxbury District. No. 25208.

*Cox, J*. This case was submitted on briefs. The facts are not disputed.

By an agreement in writing dated April 20, 1963, the defendant agreed to sell and the plaintiff to purchase the land and house thereon numbered 539 Bussey Street in the Roslindale section of Boston, the premises to be conveyed by a good and sufficient quit-claim deed free of all encumbrances except "such taxes for the current year as are not due and payable on the date of the delivery of such deed, and any liens for municipal betterments assessed after the date of this agreement." The agreement further provided that taxes should be apportioned as of the date of delivery of the deed and that the taxes assessed for the year 1963 should be paid by the buyer, in this case, the plaintiff. The agreement also provided that acceptance of the deed and possession by the buyer "shall be deemed to be a full performance and discharge hereof."

It appears that the plaintiff received and recorded a deed to the premises on or about

July 1, 1963. The deed contained no reference to taxes or the adjustment of taxes.

At the time of passing papers the parties assumed that the real estate tax assessment of the premises for the year 1963 was $400., the same as for the previous year. They adjusted the taxes on that mistaken assumption. The defendant as seller, allowed the plaintiff, as buyer, only $19.32 for 1963 taxes.

This action followed after it was discovered that the real estate assessment on January 1, 1963 was not $400. but $5700. On that assessment the defendant should have allowed the plaintiff at the time of passing papers $273.60 instead of $19.32. The difference between the two figures is $254.28. The judge found for the plaintiff in the amount of $254.28.

The case was reported because the defendant claims to be aggrieved by the denial of the first three of his six requests for rulings of law and by the finding for the defendant. The three requests appear in the margin.

A single question of law is raised by the defendant's requests for rulings which the judge denied. It is the only point argued in the defendant's brief. The question is whether the provision in the sale and purchase agreement relating to the adjustment of taxes became merged in the deed thus leaving the plaintiff no contractual remedy based upon any breach by the defendant of said sale and purchase agreement.

 It is a well settled rule, as the de-

fendant contends, that "The acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting except such as are embodied by the deed . . . " The defendant cites *Pybus v. Grasso,* 317 Mass. 716, in which the above quotation appears, and *Fanger v. Leeder,* 327 Mass. 501, in support of his contention that the plaintiff's acceptance of the deed leaves the plaintiff without any remedy based upon any breach of the sale and purchase agreement by the defendant.

However, there is an exception to the rule. In *Lipson v. Southgate Park Corp.,* 345 Mass. 621 at page 625, the court quotes the rule stated in *Pybus v. Grasso* but also noted that *Pybus v. Grasso* established an exception to the rule in these words: "To the general rule as stated above there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged in the deed, but may survive it and be enforced after the deed is given."

In our opinion the case under consideration comes within the exception to the general rule.

In *Lipson v. Southgate Park Corp.,* 345 Mass. 621 it was held that agreement to build a house on the land later conveyed did not merge with the deed and the buyer was

allowed to recover damages for unskillful and improper construction by the seller. The decision rested on the exception to the general rule and not on the language in the agreement that payment of the price by the buyer was not to be construed as acceptance of improper work or faulty material. The court, in the *Lipson* case, after referring to the rule and its exception as stated in *Pybus v. Grasso,* observed that the seller had agreed to seperable undertakings: "(1) to convey a parcel of land; (2) to construct a house in accordance with detailed plans and specifications." The court went on to reason that it could be found " . . . that an agreement, containing detailed plans and specifications for the erection of a dwelling, is not ordinarily included in a deed and that the acceptance of the deed was only conclusive of the performance of the first undertaking. A provision in a contract as to title and possession will usually be merged in an accepted deed. However, the provisions imposing an obligation upon the defendant to erect a dwelling were so far collateral to the undertaking relating to title and possession, as to indicate that the omission of these provisions from the deed was without an intent to preclude their survival. Unlike the *Pybus* case, there was nothing in the collateral undertaking which was inconsistent with the deed. The deed merely conveyed the premises but it did not constitute performance of an agreement which provided for the erection of

a building 'in a careful, workmanlike and substantial manner' and the use of 'new and . . . best' materials in its construction."

In *Pybus v. Grasso* there was an agreement to sell the land and buildings at 15 Ashford Street free of encumbrances. The deed was of lot 37 on a plan. After delivery of the deed it was discovered that part of the building at 15 Ashford Street was on land of an adjoining owner. It was held that the acceptance of the deed had discharged the contractual duties of the seller to the buyer.

In the case of *Fanger v. Leeder,* 327 Mass. 501 the court held that an agreement to convey subject only to tenants at will merged with a deed later given in accordance with the general rule as stated in *Pybus v. Grasso.*

Our opinion that the agreement to apportion 1963 taxes was collateral to the main purpose to convey the real estate and was not inconsistent with the deed delivered in July, 1963 finds additional support in the following cases: *Carr v. Dooley,* 119 Mass. 294, 296 (Sewer assessment); *McCormick v. Cheevers,* 124 Mass. 262 (Assessment for filling or grading); *Graffam v. Pierce,* 143 Mass. 386 (Agreement to install a hard pine floor); *Durkin v. Cobleigh,* 156 Mass. 108 (Agreement to build a street to connect with a public street); *H. D. Foss & Co., Inc. v. Whidden,* 254 Mass. 146 (Agreement to waterproof basement wall and floor); *Nelson's Express etc., Inc. v. Alex. Grant & Son,* 320

Mass. 317 (Agreement to perform certain services did not merge with the lease which was silent as to the services); *Berman v. Geller,* 325 Mass. 377 (Oral agreement between dealers for buyer to split price above $7000 when property sold, did not merge with the deed but with the sale and purchase agreement under the oral evidence rule).

The provision in the sale and purchase agreement that acceptance of the deed "shall be deemed to be a full performance and discharge hereof" did no more than incorporate the general rule stated in *Pybus v. Grasso.*

No contention is made that the plaintiff did not adopt the proper remedy. See *Brookline v. Crane Construction Co.,* 285 Mass. 558.

The justice, in our opinion, was right both in the denial of the defendant's request for rulings and in finding for the plaintiff.

As no reversible error of law is shown an order should be entered dismissing the report.

Defendant's three requests which the justice denied:

1. The evidence warrants a finding for the defendant.

2. The evidence does not warrant a finding for the plaintiff.

3. The plaintiff is not entitled to recovery for the reason that she accepted a deed to the premises described in the written contract for sale, which contract provides that acceptance of the deed by the plaintiff shall be deemed

to be a full performance and discharge of every agreement and obligation therein contained or expressed except such as are, by the express terms thereof, to be performed after the delivery of the deed, and that nothing remaining to be done by the defendant after the delivery of the deed, nor were there any obligations of the defendant which were to survive the transfer of title.

Joseph F. Lyons, of Boston, for the Plaintiff.

Joseph E. Levine, of Boston, for the Defendant.