MARY A. BALLARD *vs.* JOHN J. WALSH & another. January 31, 1968. This is an action of tort or contract in two counts, involving the purchase and sale of real estate. The trial judge directed a verdict for the defendants on count 1, and the jury returned a verdict for the defendants on count 2. The case is here on the plaintiff's exceptions. Count 1 was for damages because of the defendants' failure to repair shingles on the house in accordance with the purchase and sale agreement. The agreement stated that "the acceptance of a deed and possession by the . . . [plaintiff] shall be deemed to be a full performance and discharge hereof." The defendants' promise to repair the shingles was not collateral to the conveyance, and was merged with the deed. The plaintiff's right was thus extinguished when the deed was apparently accepted. *Pybus* v. *Grasso*, 317 Mass. 716. *Lipson* v. *Southgate Park Corp.* 345 Mass. 621. There was no error in directing a verdict for the defendants on count 1. Count 2 alleged that the defendants falsely represented that the house "had a dry cellar." The plaintiff excepted to the judge's charge in that he "failed to instruct that the Jury could infer, from the evidence that there was or could have been water in the cellar." We are satisfied from our examination of the record that such a conclusion would have been conjectural. There was no error.

*Exceptions overruled.*

The case was submitted on briefs.
*Edward P. McDuffee* for the plaintiff.
*James D. O'Hearn* for the defendants.