*Southern District*

No. 162/68

**LLOYD T. WESTGATE,**

v.

**LEO G. DAIGNAULT AND KOSTADENA DAIGNAULT.**

Argued: Oct. 30, 1968   Decided: Apr. 14, 1969

*Present*: Nash, P.J., Cox, Owen, J.J.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 162/68.

*Owen, J.* This is an action of contract to recover damages for an alleged breach of a guarantee in a written contract for the sale of real estate by the defendants to the plaintiff. Count one of the declaration, alleged that the agreement contained a special provision whereby the defendants guaranteed ''that the house on Sawyer St. has 2 piece baths (lavette and toilet)'' and the property conveyed did not have two piece baths as called for in the agreement. The answer was a general denial.

The court found for the plaintiff on count one.

*There was evidence that* a real estate agent showed the property to the plaintiff and told

him each tenement had a two piece bath consisting of a toilet and basin. At this time they were not able to gain entrance to any of the tenements. At a later date the plaintiff again visited the property to gain entrance to the tenements; on this occasion the defendant Leo Daignault and three real estate brokers were present; on this occasion the plaintiff did not enter any of the tenements and when he left the house he and Mr. Daignault read the agreement and Mr. Daignault told the plaintiff the agreement was true; subsequent to the plaintiff taking title to the property, he discovered there were no basins in the house; in a small room approximately five feet by eight feet of each tenement there was a sink which is a kitchen sink; within this five by eight area there was a toilet which consisted of a commode with a water closet; the area of the commode and water closet was completely enclosed and had a door leading to it from the five by eight room; the sink was used both for washing and kitchen purposes; in some of the tenements cooking was done in the five by eight room.

There was evidence on behalf of the defendant that the plaintiff saw two of the tenements in the house including one which had the five by eight room with the sink and separate enclosed toilet and the plaintiff was told that the other tenements were similar in nature; that the broker who prepared the sales agreement was told that the plaintiff insisted that

the guarantee as to "2 piece baths (lavette and toilet)" be in the agreement because he had not seen all the tenements; that this guarantee was discussed prior to the agreement being signed by the parties and the Defendant said in the presence of the Plaintiff there were no two piece baths; the agreements were then signed and the deed was subsequently delivered to the Plaintiff.

The plaintiff filed five requests for rulings. The court allowed numbers one through four and disallowed number five. The defendants filed six requests for rulings and the court allowed numbers three, four and six and disallowed numbers one, two and five.

The court made findings of fact including the facts that the five by eight room was used primarily for kitchen purposes; "the sink in question is not a "lavette" and the premises had a "toilet" in each apartment but not a "lavette"."

It is fundamental under our law that the credibility of conflicting evidence rests with the trial justice. In this matter it is apparent the court believed the evidence most favorable to the plaintiff.

The questions raised by the defendant were whether the guarantee in question survived the acceptance of the deed or was merged in the deed upon delivery and whether or not there was a breach of the agreement in question.

The agreement does contain the common pro-

vision that "The acceptance of a deed by the Buyer shall be deemed to be a full performance and discharge hereof." Subsequent to this provision in the agreement there was a blank space in the form headed "SPECIAL PROVISIONS- (Note: Insert any agreements in addition to or contradicting the above.) There are three provisions typed in this space, two of the provisions being guarantees in regard to the quality and kind of certain plumbing fixtures. The second provision in part states the "Seller guarantees that the house on Sawyer St. has 2 piece baths (lavette & toilets)."

The word "bath" is defined "as a room where one may bathe". The word "lavette" is defined as being "probably derived from lavatory plus ette". "Lavatory" is defined as "a place for washing, as a room with convenience for washing the hands and face and usually with one or more toilets." The suffix "ette" is defined as a "diminutive suffix- a little one (of the thing or class specified)".

Webster's Third New International Dictionary of the English Language. Unabridged (copy 1961 G. & C. Merriam Co.)

It is apparent from the above that a "2 piece bath (lavette & toilet)" means a small room or lavatory with a convenience for washing the hands and face and including a toilet. It would thus appear that the court was correct when it found that a sink which is used primarily for kitchen purposes was not a lavette, the room

in question might more aptly be described as in the nature of a kitchenette with a separate, adjoining toilet. It follows that there was a breach of the guarantee in question.

The rule in regard to merger of agreements by the seller in a deed upon acceptance by a buyer was stated to be:

> "The acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting except such as are embodied in the deed." The court further said "to the general rule as stated above there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged in the deed, but may survive it and be enforced after the deed is given." *Pybus* v. *Grasso,* 317 Mass. 716, 717, 719.

The case in question is obviously within the exception to the general rule quoted above. There were at least two separable agreements made by the Defendant: (1) To convey a parcel of real estate (2) To guarantee in addition that the house had "2 piece baths (lavette & toilets)". The guarantee was not merged in the deed upon acceptance by the plaintiff of the deed. *Lipson* v. *Southgate Park Corp.,* 345 Mass. 621; *McCormick* v. *Cheevers,* 124 Mass.

262, 263; *Graffam* v. *Pierce,* 143 Mass. 386, 388; Restatement: Contracts §413, 240(1)

It is apparent from what has been set forth heretofore that the findings of the trial court were correct.

There being no prejudicial error it is **ordered that the report be dismissed.**

STEVEN A. SCHWARTZ
of New Bedford, for the plaintiff

CHRIS BYRON
of New Bedford for the defendants.