FRANCIS S. ESTABROOK *vs.* WILLIAM G. WILCOX.

Bristol.    October 23, 1916. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Frauds, Statute of.    Easement.*

By reason of the provision of the statute of frauds contained in R. L. c. 74, § 1, cl. 4, no action can be maintained for the breach of an oral agreement to lay out and construct a street on the promisor's land adjoining land which he had conveyed to the promisee, where no right of way was conveyed by or referred to in the deed of the adjoining land or shown on any plan referred to in that deed.

CONTRACT for the alleged breach of an oral agreement to open a street or way on land of the defendant adjoining land which the defendant had conveyed to the plaintiff.    Writ dated October 14, 1914.

The answer contained a general denial and also alleged want of consideration and set up the statute of frauds.

In the Superior Court the case was tried before *Lawton, J.*    The land conveyed by the defendant to the plaintiff was on the southerly side of Friendship Street, in Fall River, and it was admitted by both parties that, previous to the time of the conveyance, the defendant orally had stated his intention to open up a private way at right angles with Friendship Street on the defendant's land and along the easterly side of the land proposed to be conveyed by the defendant to the plaintiff.

It also was admitted by both parties that there was no plan showing the proposed street or way, and that there was no way laid out or any evidences of a way upon the land, and that the deed did not refer to the way.

The plaintiff offered evidence, which was contradicted by the defendant, that before the delivery of the deed the defendant agreed with the plaintiff that he would open a way adjacent to the tract which the plaintiff proposed to purchase, and that the plaintiff orally agreed to purchase the tract and pay the defendant's price on that condition, and that at the time of the delivery of the deed, and as a part of the consideration thereof, the defendant, while refusing to incorporate any reference to the way in the deed,

or to bound the defendant's land by any way, nevertheless orally agreed that he would construct a way which would be available for the plaintiff's use in connection with his land and adjacent thereto on the easterly side of the plaintiff's land.

During the direct examination of the plaintiff, he was asked the following question by his attorney: "Would you have purchased that tract of land and paid $12.50 a rod for it, if the defendant had not agreed to lay out the street?" The plaintiff was allowed to testify, against the objection and exception of the defendant, that he would not have purchased it.

At the close of the evidence the defendant asked the judge to order a verdict for the defendant. The judge refused to do this, and instructed the jury that the plaintiff could recover such damages as they might find he actually had suffered if they were satisfied that the defendant made the alleged oral agreement to lay out the way at the time the consideration was paid and the deed was delivered, or that the defendant then ratified such an oral agreement, previously made, and that the promise or ratification was an inducement to the plaintiff to take the deed, to all of which the defendant duly alleged his exception.

The jury returned a verdict for the plaintiff in the sum of $475; and the defendant alleged exceptions.

R. L. c. 74, § 1, cl. 4, is as follows:

"Section 1. No action shall be brought:

.    .    .    .    .    .    .    .    .    .    .    .

"Fourth, Upon a contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them;

.    .    .    .    .    .    .    .    .    .    .

"Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."

*A. S. Phillips,* for the defendant.

*A. G. Weeks,* for the plaintiff.

LORING, J. This is an action by which the plaintiff seeks to recover damages for breach of an oral agreement to lay out and construct a street on the defendant's land for the use of the plaintiff as grantee in a deed executed by the defendant. The defence set up is the statute of frauds.

The plaintiff relies upon *Cole* v. *Hadley,* 162 Mass. 579, *Drew* v. *Wiswall,* 183 Mass. 554, and *Durkin* v. *Cobleigh,* 156 Mass. 108. But in those cases the right to have a street laid out over the defendant's land was created in writing. In those cases the deed to the plaintiff referred to a plan to show the land conveyed and on that plan a street was shown on which the premises conveyed abutted. In those cases the right to have a street laid out over the defendant's land (that is to say the right to an easement over the defendant's land) was created by an instrument in writing. In the case at bar the only way in which the plaintiff undertook to make out that he had an easement over the defendant's land was by the oral contract. To this the fourth section of the statute of frauds (re-enacted in this Commonwealth in R. L. c. 74, § 1, cl. 4) is a defence. Where the plaintiff makes out a right to a street over the defendant's land by deed or by any other writing and then relies on a contract on the defendant's part to do the physical work necessary to construct the street and make the paper street into a real street he has a right of action on that contract although that contract was made by word of mouth. That was the point decided in the three cases on which the plaintiff relies, where the whole matter is fully explained.

It follows that the exceptions must be sustained. And we are of opinion that acting under St. 1909, c. 236, § 1, we should direct judgment to be entered for the defendant. It is

*So ordered.*