MORRIS GREENSPAN *vs.* COUNTY OF NORFOLK & others.

Norfolk.    March 9, 1928. — May 28, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Damages*, For property taken or damaged under statutory authority. *Eminent Domain*.   *Evidence*, Of value of land.

While, at the trial of a petition for the assessment of damages resulting to the petitioner from the taking by eminent domain of a strip from a parcel of land with no building thereon, the petitioner is entitled to show as an element of damage that the rental value of the entire parcel as it was at the time of the taking had been diminished or destroyed, evidence of the rental value if the land were improved by the erection of buildings for business purposes is inadmissible.

If, at such a trial, an expert witness, in answer to a question, "What in your opinion was the value of the land before the taking . . . ?" states a certain sum in dollars, but from his cross-examination it clearly appears that the estimate he had given was on the value of the land with a building on it, or with a building to be put on it under a contract with the owner, and, in reply to a question by the trial judge, he states that he arrived at the value he had stated by determining in his own mind

the most available advantageous type of building to build upon the land, and what in all probability that building would yield, a motion to strike out the testimony should have been allowed, since such testimony tended to fix a value estimated not merely on a prospective development which could be made of the land if put on the market, but as if such use actually existed at the date of the taking.

PETITION, filed in the Superior Court for the county of Norfolk on April 2, 1927, for the assessment of damages caused by the taking of a strip from certain unimproved land of the petitioner for the widening of Granite Avenue in Milton.

In the Superior Court, the petition was tried before *Mc-Laughlin*, J. The issue tried was the value of the land taken and the damage to the rest of the parcel from which it was taken. The jury found for the petitioner in the sum of $15,301.58. Material evidence and exceptions saved by the respondent county of Norfolk are stated in the opinion.

*L. Bryant*, for the respondent county of Norfolk.

*C. B. Cross*, for the petitioner.

BRALEY, J. The county commissioners for the county of Norfolk, acting under G. L. c. 82, § 11, took by eminent domain for the purpose of widening Granite Avenue, a public highway in the town of Milton, a portion of the unimproved land of the petitioner located in one of the business districts of the town at East Milton, which had been zoned. The proceedings having been in conformity with the statute, entry upon the land was made by the county on March 24, 1927, and on April 2, 1927, the petitioner filed a petition to have his damages assessed. G. L. c. 79, § 14.

The premises before the taking contained approximately fourteen thousand seven hundred square feet, having a frontage on Adams Street and Granite Avenue at their intersection of eighty-three and sixty-four one hundredths feet, and on Granite Avenue of about one hundred eighteen and forty-one one hundredths feet and included a private passageway that could not be built upon because of the rights of other landowners. The parcel taken consisted of a strip bounded westerly on the old line of Granite Avenue, and on the east by the easterly line of the taking. It was fourteen feet wide on the north, and as the line ran southerly to the junction of

Granite Avenue and Adams Street, the width gradually narrowed so that after rounding the junction or corner and terminating in a point on Adams Street the width was about one foot.

The petitioner was entitled to recover the fair value of the land taken and damages caused by the taking to his remaining land. G. L. c. 79, § 12. A witness for the petitioner testified, that in his opinion the land* before the taking was worth $49,000, but its value after the taking was approximately $24,500. The witness, upon being asked to give the reasons for his opinion stated, subject to the respondent's exceptions, that the building area prior to the taking could be seen from the greater portion of the restricted zoning district, and that after the taking the practical commercial value based on rental income was destroyed by the changes necessarily wrought by the line of the layout.

The petitioner could show as an element of damage that the rental value of the unimproved land as it was at the time of the taking had been diminished or destroyed. But evidence of the rental value if the land were improved by the erection of buildings for business purposes was inadmissible. It was too prospective and indefinite in its nature to be competent evidence of the present value of land not built on. *Burt* v. *Wigglesworth,* 117 Mass. 302, 306. *Gardner* v. *Brookline,* 127 Mass. 358, 362.

John E. Poland, another real estate expert called by the petitioner, testified on cross-examination, that "Land has no value except from an earning capacity, and we don't speculate in futures," and unless there was a proposition to erect a building of a certain type it would be mere speculation to place any value on the land alone. The witness was then asked on redirect examination, "Is there a well-recognized method of taking the income from a piece of property with a certain type of building either constructed or which it is proposed to be constructed, and determine the gross income from the building if constructed?" The witness having answered in the affirmative was then asked, "And is there

---

*This refers to the entire parcel belonging to the petitioner and not merely to the portion taken by eminent domain. — REPORTER.

a well-recognized rule about taking a certain percentage on different types of property and determining a gross amount which one could get a proper return from both land and buildings?" The witness answered "Yes," and, a colloquy between the trial judge and counsel having followed as to the admission of this line of evidence, the judge said, "He may state what the value of the land was at the time of the taking;" the witness was then asked, "What in your opinion was the value of the land before the taking . . . ?" and, subject to the respondent's exception, the answer was, "$38,000." This question as framed was competent. But upon cross-examination it clearly appeared from the answers of the witness that the estimate he had given was on the value of the land with a building on it, or with a building to be put on it under a contract with the owner. Counsel for the respondent moved that the evidence of the witness as to value be struck out. The witness in reply to questions asked by the trial judge then stated that he arrived at the valuation of $38,000 by determining in his own mind the most available advantageous type of building to build upon the land, and what in all probability that building would yield. The motion was denied and the respondent excepted.

While under *Beale* v. *Boston,* 166 Mass. 53, 55, evidence of the value of land for a particular prospective purpose is admissible where the property is so located that its fair real value for actual use cannot be determined by the standard of market value, the case at bar on the record is within the general rule, that "An owner of land taken by right of eminent domain is to be compensated by the payment of the fair value of it at the time of the taking. Ordinarily the price at which such land will sell in the market, if there is a market for it, is the criterion by which to make the estimate." *May* v. *Boston,* 158 Mass. 21, 29. The testimony to which the respondent excepted tended to fix a value estimated not merely on a prospective development which could be made of the land if put on the market, but as if such use actually existed at the date of the taking. The petitioner could not introduce such evidence under the guise of reasons which the witness gave in support of his opinion. *Hunt* v. *Boston,*

152 Mass. 168, 171.  The motion to strike out should have been granted.  *Smith* v. *Commonwealth*, 210 Mass. 259, 261. *Lakeside Manuf. Co.* v. *Worcester*, 186 Mass. 552, 561.

The admission of the evidence which has been reviewed was prejudicial to the respondent and the exceptions must be sustained.

*So ordered.*