KINGSTON REALTY CO. INC. *vs.* ROBERT M. DOBBINS.

Suffolk.    October 18, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Construction, Performance and breach. *Evidence,* Competency, Relevancy and materiality, Of damages. *Damages,* In contract. *Practice, Civil.* Variance.

At the trial of an action for breach of a contract in writing, it appeared that by the contract the defendant agreed to sell and convey to the plaintiff's assignor certain land with a new one-story building, then in process of erection thereon, the defendant agreeing that the building should be completed at his expense "as provided in said plans and specifications, as amended, which plans and specifications have been certified to this day by . . . [a certain architect] and which plans and specifications are by reference made a part of this agree-

ment." An attorney at law, who represented the plaintiff's assignor in the matter of the contract and was present when it was signed, testified that at that time he was handed certain plans and specifications by the architect and the defendant handed him the agreement. Subject to exception by the defendant, those plans and specifications were admitted in evidence. *Held,* that at the time when the plans and specifications were admitted, they were, so far as then appeared, the amended plans and specifications referred to in the agreement, and the jury could so infer; and at that time they were competent.

The plans and specifications admitted in evidence in the circumstances above described called for Lally columns and steel girders. None were furnished, and the plaintiff claimed damages by reason of that omission. On the evidence, findings were warranted that such discrepancy was not, and could not reasonably have been, discovered until the building was nearly completed. The defendant introduced evidence that the original plans and specifications called for Lally columns and steel girders, but that the amended plans and specifications, referred to in the contract, substituted wooden timbers therefor. The defendant moved that a verdict be ordered in his favor on the ground that the contract called for amended plans and specifications and the proof offered by the plaintiff was upon original plans and specifications. The motion was denied. *Held,* that the motion properly was denied since on the evidence a finding was warranted that the plans relied on by the plaintiff were those designated as "amended" in the contract.

At the trial above described, there was evidence that it was the intention of the owners to add a second story until it was discovered that, owing to the substitution of wooden timbers in the place of Lally columns and steel girders, such addition could not be made. *Held,* that evidence that a second story could not be placed upon the building as constructed was admissible upon the question of damages.

At the trial above described, witnesses familiar with the value of the land and building might testify to what the value of the land and building was with the building as constructed, and what the value would have been if it had been erected as provided in the plans and specifications introduced in evidence by the plaintiff.

A real estate expert called by the plaintiff at the trial above described testified that the difference between the value of the building with Lally columns and steel girders and the value without them was $15,000, "assuming nothing else except the fact that you could put on a second story." A motion by the defendant to strike out the testimony was denied. *Held,* that the evidence was not too speculative and uncertain to be considered in determining the damages which the plaintiff had sustained.

CONTRACT for breach of a contract in writing described in the opinion. Writ dated October 16, 1924.

In the Superior Court, the action was tried before *Whiting,* J. Material evidence and exceptions saved by the defendant

are stated in the opinion. The "witness Carrig," referred to in the opinion, was James A. Carrig, called by the plaintiff as a real estate expert. There was a verdict for the plaintiff in the sum of $6,104.27. The defendant alleged exceptions.

*R. S. Bowers,* for the defendant.

*J. H. Vahey, P. M. Torf, & P. Mansfield,* for the plaintiff, submitted a brief.

CROSBY, J. This is an action of contract to recover damages for the alleged violation, by the defendants, of a written agreement to convey a parcel of land with a one-story building in process of erection thereon in accordance with plans and specifications referred to in the agreement. At the beginning of the trial a motion for a discontinuance against the defendant Draper was allowed, and the trial proceeded against Robert M. Dobbins on the first count of the substitute declaration.

On January 29, 1923, the defendant Dobbins and one Annie Lappin entered into a written agreement by which the defendant was to sell and Annie Lappin was to buy a certain parcel of real estate in Cambridge. The agreement provided that a new one-story building, then in process of construction on the premises for the defendant by one Ryan, a builder, should be completed at the expense of the defendant "as provided in said plans and specifications, as amended, which plans and specifications have been certified to this day by E. F. Hooper, Architect, and which plans and specifications are by reference made a part of this agreement." These plans and specifications called for the use of Lally columns and steel girders. By a written instrument dated March 12, 1923, Annie Lappin assigned her right, title and interest in the agreement to the plaintiff. It was the contention of the plaintiff that Lally columns, so called, and steel girders were required by the plans and specifications to be placed in the building, but that neither were used above the first floor, wooden timbers being used instead.

Mr. Torf, an attorney at law, was called as a witness by the plaintiff and testified that he represented Annie Lappin in the matter of the agreement made by her with the defendant; that he had various conversations with the defendant

before it was executed, and was present with Hooper, the architect, and the defendant when the agreement was signed; that at that time he was handed certain plans and specifications by Hooper and the defendant handed him the agreement. These plans and specifications were admitted in evidence subject to the defendant's exception.

1. It is the contention of the defendant that, as the contract referred to "plans and specifications as amended," it was apparent that there were two sets of plans and specifications relating to the building. When this evidence was admitted it was plainly competent. At that time, so far as appeared, the plans and specifications admitted in evidence were the amended plans and specifications referred to in the agreement, and the jury could so infer. If, as the jury could have found, the plans and specifications admitted were exhibited and handed to the attorney of Mrs. Lappin by the architect at the same time the agreement was delivered to him by the defendant, it also could have been found that they were the ones referred to in the agreement. The question was one of fact for the jury to determine upon all the evidence and the reasonable inferences to be drawn therefrom. There was evidence that it was not discovered and could not reasonably have been ascertained that there were no Lally columns above the first floor or steel girders in the roof, as provided for, until the building was nearly completed.

2. At the close of the evidence the defendant moved that a verdict be directed in his favor; the motion was denied subject to his exception. The ground upon which this motion was based is that there was a material variation between the declaration and the proof, it being contended by the defendant that the declaration alleged that the defendant was to erect a building in accordance with certain plans and specifications as amended, while the proof was that the building was to be erected in accordance with the original plans and specifications. Although the defendant introduced evidence tending to show that the original specifications had been amended by the substitution of wooden timbers for Lally columns and steel girders, the jury could have

found that neither the plaintiff nor its predecessor, Annie Lappin, had any knowledge of such an amendment before the agreement was executed; that the plans and specifications were presented to the attorney of Annie Lappin as those in accordance with which the building was to be erected; and that the plans so presented were the originals as amended. Upon such findings, which would not be unwarranted, there was no variance between the allegations and the proof. Accordingly the trial judge could not properly have directed a verdict in favor of the defendant.

3. Evidence that a second story could not be placed upon the building as constructed was plainly admissible upon the question of damages. The addition of a second story was a use which, it could be found, might reasonably be made of the structure, had it been originally built to carry the additional weight. If it was constructed in accordance with the plans and specifications delivered to the plaintiff, the jury could find that the building would have a materially greater value if a second story could be placed upon it. We cannot agree with the argument that such a use might never be made of the building, or that the possibility of such use was purely a matter of speculation. There was evidence that it was the intention of the owners to add a second story until it was discovered that, owing to the substitution of wooden timbers in the place of Lally columns and steel girders, such addition could not be made. In estimating the damage the jury could take into consideration all the uses to which the land and building might properly be applied. Witnesses familiar with the value of the land and building might testify to what that value was with the building as constructed, and what the value would be if it had been erected as provided in the plans and specifications introduced in evidence by the plaintiff. *Smith* v. *Commonwealth,* 210 Mass. 259, 261, and cases cited. Cases which hold that evidence of the rental value of land taken by eminent domain is too indefinite and uncertain in its nature to be competent evidence of present value are not pertinent to the case at bar. See *Burt* v. *Wigglesworth,* 117 Mass. 302; *Gardner* v. *Brookline,* 127 Mass. 358; *Greenspan* v. *County of Norfolk,* 264 Mass. 9.

4. The defendant excepted to the refusal of the judge to allow the defendant's motion to strike out the testimony of the witness Carrig as to the difference between the value of the building with Lally columns and steel girders and the value without them. This witness testified that such difference was $15,000, "assuming nothing else except the fact that you could put on a second story." This evidence was properly admitted upon the question of damages. *Norcross Brothers Co.* v. *Vose*, 199 Mass. 81, 95. The evidence was not too speculative and uncertain to be considered in determining the damages which the plaintiff had sustained. This motion was rightly denied.

We have considered all the exceptions argued by the defendant and find no error of law.

*Exceptions overruled.*