Adlow, J.
In this action of contract ten purchasers of house lots on a real estate development in Watertown in this Commonwealth have joined in one writ to recover from the defendant, the promoter of said development, for the breach of an oral agreement made by him with each of them to construct, grade, and pave a right of way known as Rosedale Road which adjoined said lots. There was evidence that this right of way was indicated in a lot plan used at the time of the sale and that it was referred to as a boundary in the deeds by which the defendant conveyed these lots to the plaintiffs. Each of the plaintiffs made a separate written agreement of purchase with the defendant and received a separate deed for his lot. Neither the agreements of sale nor the deeds of transfer made mention of the promise of the seller to construct, grade and pave Rosedale Road. There was a finding in behalf of eight plaintiffs in the sum of $500 each.
*80 The defendant and those plaintiffs who were denied recovery are aggrieved by the court’s rulings and findings and in two reports now before this court have raised the issues hereinafter discussed. It is the basic contention of the defendant that the promise to construct, grade and pave Bosedale Boad is an agreement concerning land and cannot be enforced unless in writing. G. L. c. 259, § 4. We cannot agree. While a promise to open a right of way has been held to concern an interest in land and is, therefore, unenforceable unless in writing. Estabrook v. Wilcox, 226 Mass. 156, the rule is otherwise with respect to promises concerning rights of way already laid out and identified. There is an obvious difference between a promise to provide a right of way or easement that has not yet been located, which clearly involves an interest in land, Estabrook v. Wilcox, supra, and a promise to improve an already located and identified easement or right of way. The latter situation does not concern land except incidentally. Actually it is a promise to furnish labor and materials. Okin v. Selidor, 78 N. J. L. 54, 55 (1909). In this Commonwealth oral agreements to improve ascertained and defined areas have been distinguished from agreements to transfer interests in land. When two such agreements are made contemporaneously and as part of one transaction the former will be considered as collateral and incidental to the latter and will be enforced even though it is oral. Page v. Monks, 5 Gray 492; Wetherbee v. Potter, 99 Mass. 354, 361; Friend v. Pettingill, 116 Mass. 515, 517; Graffam v. Pierce, 143 Mass. 386, 388. Nor will the fact that the parties reduced to writing the part of their arrangement which concerned an interest in land preclude the enforcement of rights deriving from the oral promise, Carr v. Dooley, 119 Mass. 294; McCormack v. Cheevers, 124 Mass. 262; provided that the oral promise concerns matter distinct and separate from that involved in the writing. Durkin v. Colbleigh, 156 Mass. 108; *81 Drew v. Wiswall, 183 Mass. 554, 556; Restatement of Law Contracts, § 240 (1). Such agreements remain enforceable even though the contract of sale has been performed and a deed accepted. Bowditch v. E. T. Slattery Co., 263 Mass. 496, 499; Restatement of the Law Contracts, % 413. In this cause the right of way which the defendant promised to improve was already in existence and being used. Under these circumstances any promise to improve it with labor and materials could clearly be enforced though not in writing.
In assessing damages the court based its award upon the difference in value between the lots with the improved road adjoining them and the same lots without such improved road. Such a method of computing the damage was proper and the awards were amply warranted by the evidence. Sedgewich on Damages, Vol. II, 9th Ed. § 620; Daniels v. Cohen, 249 Mass. 362; Kingston Realty Co. v. Dobbins, 265 Mass. 228.
In denying recovery to two of the plaintiffs the court made certain findings of fact. As to one of these the court found that if any promise was made it was made after the deal had been closed and the contract of purchase signed. Such an agreement would clearly be without any consideration and unenforceable. As to the other the court found that no promise whatever had been made.
There is nothing inconsistent in these findings and the findings in favor of the eight other purchasers. Though they have all joined in one writ, their rights do not grow out of the same cause of action. Each claim is separate and distinct: each must stand or fall on its own evidence. The burden was on each plaintiff to prove that a promise to construct, grade, and pave the road was made to him before he signed his agreement to buy a lot. Whether such promise was made was for the court to decide on the evi *82 denee.. As presented by this report this issue involves considerations so elementary as to require little amplification. Winchester v. Missin, 278 Mass. 427, 428; Topjian v. Boston Casing Co., Inc., 288 Mass. 167.
Both reports dismissed.