CONGREGATION OF THE MISSION OF ST. VINCENT DE PAUL *vs.* COMMONWEALTH.

Hampden. September 26, 1957. — November 6, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Evidence*, Of value, Judicial discretion.

At the trial of a petition for the assessment of damages for a taking of land of which about one half was located in a business zone and about one half in a residential zone, there was no abuse of discretion in the exclusion of evidence of the sale price of nearby land wholly located in a residential zone. [359]

There was no error at the trial of a petition for the assessment of damages for a taking of land in the exclusion of evidence of the sale price of nearby land which the seller "had to sell." [360]

TWO PETITIONS in the Superior Court for assessment of damages, one filed on April 2, 1954, respecting land described as parcels 15 and 16, and the other filed on October 13, 1954, respecting land described as parcel 31.

By stipulation the proceedings were consolidated and one verdict was taken as to parcel 16 and another verdict as to parcels 15 and 31 as a unit. The case was tried before *O'Brien, J.*

In this court the case was submitted on briefs.

*George Fingold,* Attorney General, & *Edward Kimball,* Assistant Attorney General, for the Commonwealth.

*Robert W. King,* for the petitioner.

SPALDING, J. The questions for decision arise out of two rulings on evidence in an eminent domain proceeding. Originally three parcels (15, 16, and 31) were involved. Verdicts were returned for the petitioner and the verdict with respect to parcel 16 has been satisfied. We are concerned here only with the proceeding relating to parcels 15 and 31 which by stipulation were treated as a unit.

The petitioner was the owner of land fronting on Long Hill Street, in Springfield, on which there was a fifteen room residence and a large barn. Since its acquisition more than fifty years prior to the takings, the petitioner had used the residence as a retreat for its priests. There were no structures on either parcel 15 or parcel 31. Parcel 15, the size of which is approximately an acre, had been placed in a business "A" zone in 1950. Parcel 31, which is slightly more than an acre, is contiguous to parcel 15 and is located in a residence "C" zone.

Each party introduced expert testimony as to the value of the property taken and as to the damage to the remaining land resulting from the taking. It will suffice to say that, as often happens in proceedings of this sort, the valuations of the petitioner's experts differed widely from those of the Commonwealth. In this setting the two rulings on evidence challenged by the Commonwealth arose.

1. One Kantianis, called by the Commonwealth, testified that he lived in and owned an eight room house at 204 Long

Hill Street, which was about three hundred feet from the petitioner's property and on the same side of the street; that he purchased the property in May, 1953; that the property had a frontage of one hundred feet on Long Hill Street; that the area in the rear of the house "compares with that of the petitioner"; and that no part of the property was in a business zone. The witness was then asked how much he paid for the property and the question was excluded subject to the Commonwealth's exception. There was no error.

It is familiar law that in cases of this nature "evidence is admissible of sales of land in the vicinity, similar in essentials to the land in question, and reasonably near to the taking in point of time." *McCabe* v. *Chelsea,* 265 Mass. 494, 496. *Iris* v. *Hingham,* 303 Mass. 401, 408–409. But it is equally well settled that much of necessity must be left to the discretion of the presiding judge on the question whether the similarity is such as to render the testimony competent. *Lyman* v. *Boston,* 164 Mass. 99, 105. *Wright* v. *Commonwealth,* 286 Mass. 371, 373. We are mindful that the discretion of the trial judge is not unlimited and that his decision, when shown to be manifestly erroneous, will be reversed. *Fourth National Bank* v. *Commonwealth,* 212 Mass. 66, 68. *Iris* v. *Hingham,* 303 Mass. 401, 409. Here the trial judge could have concluded that the properties were not sufficiently similar by reason of the fact that a portion of the petitioner's property was in a business zone, whereas all of the property owned by the witness Kantianis was located in a residential zone. If the judge had concluded that despite this difference the dissimilarity of the two properties was not such as would confuse or mislead the jury and had admitted the evidence, we should have hesitated to disturb the ruling. We are of opinion that the ruling complained of reveals no abuse of discretion.

2. One Murray, called by the Commonwealth, testified that he owned and lived in a ten room house at 172 Long Hill Street, Springfield, which he purchased in April, 1953; and that it was on the same side of the street as the peti-

tioner's property and four hundred to five hundred feet distant from it. There was other evidence, which need not be recited, which tended to show considerable similarity between this property and that of the petitioner. All of the property, however, was located in a residence zone. In cross-examination by the petitioner the witness stated that he purchased the property from the estate of a widow which "had to sell it at that time." The witness was asked (1) what he paid for the property and (2) what he received for a sale of a portion of it in the fall of 1953. Both questions were excluded subject to the Commonwealth's exception. There was no error. It is to be noted that none of Murray's property was in a business zone and the judge could have excluded the evidence for the same reason that he excluded evidence of the witness Kantianis, namely, on the ground of dissimilarity of the two properties. But for an additional reason the ruling may be supported. It appears from the testimony that the estate from which he purchased the property "had to sell it at that time." The judge could have found that this was a compulsory sale. It is settled that evidence of other sales is admissible only if they are free and not under compulsion. *Wright* v. *Commonwealth*, 286 Mass. 371, 373-374. *Epstein* v. *Boston Housing Authority*, 317 Mass. 297, 299.

*Exceptions overruled.*