GRACE S. BOYD *vs.* LAWRENCE REDEVELOPMENT AUTHORITY.

Essex.     October 8, 1964. — October 30, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Evidence,* Of value, Order of evidence, Judicial discretion.

At the trial of a petition for assessment of damages for a taking of a parcel of land, there was no abuse of discretion in the admission of evidence de bene of sales of other parcels before the introduction of evidence that such parcels were comparable with the parcel taken. [84]

At the trial of a petition for assessment of damages for a taking of a large tract of land zoned for industrial purposes, having substantial

frontage on two streets, suitable for subdivision, and located near "high-speed, limited access highways" in an area where there was "very little vacant land available for industrial development," there was no error in the admission in evidence of the sales prices of several much smaller parcels of land similarly zoned, each having good direct highway access and located in the general area of the tract taken, notwithstanding minor differences between the smaller parcels and the tract taken; nor was there error in the admission in evidence of the opinion of an expert as to the value of the tract taken based in part upon the sales prices of the smaller parcels.   [84–86]

There was no abuse of discretion, at the trial of a petition for assessment of damages for a taking of a tract of industrial land having substantial frontage on two streets, in excluding evidence respecting the sale of a "land-locked" parcel with "no utilities available to it," abutting the land taken, but having access to streets only over the land of others. [86]

PETITION filed in the Superior Court on March 29, 1961.

The case was tried before *Coddaire, J.*

*John P. Ford* (*John F. Burke* with him) for the respondent.

*Fredric S. O'Brien* for the petitioner.

CUTTER, J.   This is a petition under G. L. c. 79 for the assessment of damages resulting from the authority's taking of about seventeen acres of land in Lawrence (the locus) zoned for industrial purposes.   The authority being dissatisfied with the verdict brings the case here on exceptions.

1.   There was no abuse of discretion in the action of the judge in receiving de bene, at the outset of the trial, evidence about sales of four parcels in the Lawrence-North Andover area.   Evidence was offered later that all the four parcels were comparable with the locus, although, at the time when testimony concerning the four sales was given, no such evidence of comparability had been admitted.   The order of the presentation of evidence is within the sound discretion of the trial judge.   *Horowitz* v. *Bokron,* 337 Mass. 739, 742.   See *Clarke* v. *Fall River,* 219 Mass. 580, 586.

2.   The evidence showed that the locus had frontage of 834 feet on one street and of 511 feet on a second street. For a distance of 200 feet from each street, the locus was "reasonably level with . . . [the] streets."   Beyond that

distance ''some areas of the land . . . were elevated.'' An
expert witness testified that the street frontage was im-
portant ''as was the proximity of the land to high-speed,
limited-access highways.'' There is, he said, ''very little
vacant land available for industrial development in Law-
rence.''

Three of the parcels, used for comparison with the locus,
were in North Andover. One of one-half an acre was four
to five miles from the locus. A second of 2.56 acres was
five miles from the locus. The third contained 48,400
square feet. These parcels, one expert witness said, were
''very, very similar'' to the locus. The fourth parcel in
Lawrence, of 45,630 square feet, was only a short distance
from the locus. The same expert witness was of opinion
that the four parcels and the locus were ''similar in char-
acteristics in every feature, including industrial zoning . . .
except of course that each . . . [of the four parcels] was
substantially smaller than the'' locus. The three North
Andover parcels were three and one-half miles from the
center of Lawrence. The locus was one mile nearer the
center, ''which difference . . . [the witness] did not think
significant.'' All four parcels had direct street frontage.
The witness testified ''that the long frontage of the . . .
[locus] on two streets made it particularly suitable for di-
vision . . . [into] lots with street frontage for small indus-
tries.'' The witness admitted that there were various dif-
ferences among the locus and the four parcels in topog-
raphy, traffic conditions, proximity to an airport, wooded
areas, and similar matters.

The trial judge did not err in refusing to strike out the
evidence of the sales prices of the four parcels or in receiv-
ing the expert's opinion as to the value of the locus, an
opinion which was in part based upon these four prices.
In reaching the conclusion that the four properties were
comparable with the locus, the judge could appropriately
consider the expert's opinion to that effect, the similar zon-
ing of all the parcels and the scarcity of vacant industrial
land in the Lawrence area. In view of the present day gen-

eral use of automobiles and trucks, he could reasonably regard the circumstance that all the parcels had good direct highway access as rendering unimportant their varying distances from the center of Lawrence. See *Muzi* v. *Commonwealth,* 335 Mass. 101, 105. That the expert witness considered the locus as in large measure suitable for subdivision for small industries tended to render less significant the smaller size of the four parcels. See *Consolini* v. *Commonwealth,* 346 Mass. 501, 503. Other differences between each of the four parcels and the locus, the trial judge could view as going only to the weight of the evidence of the four sales and not as requiring its exclusion. The evidence concerning the four sales of vacant industrial land in the general area of the locus seems to us plainly to have been highly relevant to establishing the value of the locus. The rulings complained of were well within the broad discretion given to the trial judge in such matters. See *Iris* v. *Hingham,* 303 Mass. 401, 408–409; *Brush Hill Dev. Inc.* v. *Commonwealth,* 338 Mass. 359, 366–367; *Valley Paper Co.* v. *Holyoke Housing Authy.* 346 Mass. 561, 569. See also *Congregation of the Mission of St. Vincent de Paul* v. *Commonwealth,* 336 Mass. 357, 359.

3. The trial judge refused to permit one Solomon to testify to a sale in which he had participated (see *Ramacorti* v. *Boston Redevelopment Authy.* 341 Mass. 377, 380) of a ''land-locked'' fourteen acre parcel with ''no utilities available to it,'' abutting the locus but having access to highways only over the land of others (by a right of way not well defined in the testimony). In view of the proximity of the parcel to the locus, we assume that the trial judge could properly have exercised his discretion to admit the testimony. We cannot say, however, that his failure to do so was an abuse of discretion. The absence of direct access to the Solomon parcel from any street was an important difference between that parcel and the locus. See *Brush Hill Dev. Inc.* v. *Commonwealth,* 338 Mass. 359, 367.

*Exceptions overruled.*