GIUSEPPE GREGORI & another *vs.* CITY OF SPRINGFIELD.

Hampden.   January 4, 1965. — January 29, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Evidence,* Of value, Judicial discretion.

In the assessment of damages for a taking of an easement over a parcel of land, no abuse of discretion appeared on the record in admitting in evidence the price paid in a sale of an adjacent parcel although the sale had been contingent upon the adjacent parcel's being placed in a less restrictive zoning district than the district in which the parcel involved in the taking was located.

PETITION filed in the Superior Court on August 12, 1960.

The case was tried before *O'Malley, J.*

The case was submitted on briefs.

*James L. Allen,* City Solicitor, & *John J. O'Connor,* Associate City Solicitor, for the respondent.

*Tullio A. Francesconi* for the petitioner.

SPALDING, J.   This is a petition for assessment of damages resulting from a taking by the city of Springfield of an easement for drainage purposes on land of the petitioners. The sole question is whether the judge erred in admitting evidence of the sale price of a parcel of adjoining land.

The petitioners' property, over which the easement was taken, is situated on the west side of Liberty Street, which is in a Residence B zone.   The property immediately adjacent to Liberty Street on the east side is in a Business A zone.   On the west side of Liberty Street the property adjacent to the locus on the north is also in a Business A zone. To the south of the locus, and adjacent to it, is a parcel of land which the petitioners had owned until October, 1962, when they sold it.   Prior to the sale, this parcel, like the locus, was in a Residence B zone.

One Maggi, who was present at the sale, was permitted to testify, subject to the respondent's exception, that the sale price was $25,000.   On cross-examination, Maggi testified that the sale was contingent on the property being

placed in a Residence C zone, which was less restrictive, so that a nursing home could be built on it.   He further testified that at about the time of the sale the property was placed in a Residence C zone and that a nursing home was being built on it.   The respondent then moved that Maggi's testimony as to sale price be stricken, but the motion was denied subject to the respondent's exception.[1]

The respondent's position is that the judge erred in "permitting testimony of the sales price of land in fee in a Residence 'C' zone on the basis of its . . . similarity with the . . . [locus], over which an easement only was taken, when the uses permitted in Residence 'B' zone [in which the locus was situated] were . . . more restrictive than those under Residence 'C.' "

The principles of law governing the admissibility of evidence of other sales in eminent domain cases are so familiar that they need not be restated.   See *Congregation of the Mission of St. Vincent de Paul* v. *Commonwealth,* 336 Mass. 357, 359, and cases cited.   Although, as we observed in that case, the discretion of the trial judge is not unlimited, much must be left to his discretion in determining whether the similarity of the property sold to the land taken is such as to render its sale price admissible.   There, part of the petitioner's property was in a business zone and part was in a residential zone.   The Commonwealth sought to introduce evidence of a sale of nearby property which was located in a residential zone, and the evidence was excluded.   In holding that the exclusion of this evidence was not erroneous, we said, "If the judge had concluded that despite . . . [the difference in zones] the dissimilarity of the two properties was not such as would confuse or mislead the jury and had admitted the evidence, we should have hesitated to disturb the ruling."   For a somewhat similar intimation see *Leen* v. *Assessors of Boston,* 345 Mass. 494, 507.

---

[1] Later in the trial, one Beaudry, a real estate broker who participated in the sale of the property, testified as to the sale price.   The respondent excepted to the denial of its motion to strike this evidence.   Since this exception, as the respondent concedes, presents precisely the same question as the exceptions to Maggi's testimony, it will not be separately discussed.

Where the sale price of other property is offered in evidence, the fact that the property is situated in a different zone (whether more or less restrictive) from that of the property taken is a factor to be considered by the trial judge in ruling on its admissibility.   But there should be no hard and fast rule that a difference in zones in and of itself renders such evidence inadmissible.   We are of opinion that the challenged rulings reveal no abuse of discretion.[1] It is to be noted that the bill of exceptions recites that the judge "instructed the jury fully and completely on the issues in the case, including the law with reference to comparable sales and the effect of zoning regulations, and no exceptions were taken to the charge."

*Exceptions overruled.*

---

[1] One Brody, an expert whose qualifications were admitted by the respondent, testified without objection that it would be reasonable to assume that the petitioners' property would probably be placed in a Residence C zone.   In holding that the challenged rulings were not erroneous, we do not rely on this testimony.   And it is evident that the judge did not make it the basis of his rulings.   This testimony was introduced after the judge had admitted the evidence objected to.   Thus, contrary to the respondent's contention, the admissibility of the challenged evidence cannot be said to rest on the prognostications of the expert concerning a probable zoning change.