EASTERN SMELTING & REFINING CORPORATION *vs.* BOSTON REDEVELOPMENT AUTHORITY. February 4, 1972. The petitioner (Eastern) seeks an assessment of damages for the eminent domain taking under G. L. c. 79, of 9,396 square feet of land and an eighty year old, five story building used for processing precious metals. One expert witness, called by Eastern, testified to a value of $240,362; another to a value of $170,000. Its treasurer estimated the value at $300,000. The assessed value was $18,700. The Authority's experts, respectively, stated the value to be $45,000 and $58,700. The jury returned a verdict of $130,000. The judge in his discretion reasonably permitted Eastern's treasurer to describe generally the process carried on in the building and to state that each floor had an individual electrical system so that damage on one floor would not affect other floors. These items of testimony bore upon potential uses of the building and thus reasonably related to its fair market value. The Authority's principal exception was to the judge's refusal to strike testimony of Eastern's treasurer designed to rebut the testimony of an expert witness called by the Authority, who had testified that Eastern's treasurer gave him whatever figures he asked for, that he took notes in the treasurer's presence, and that "whatever . . . [the treasurer] told him of the cost of improvements was in his notes." Eastern's attorney called for the notes. There appears (although the record of this is not clear) to have been little or no reference in these notes to improve-

ment costs. Eastern's treasurer testified in rebuttal that the expert made no notes while they were talking, that he had told the expert the cost of the different improvements as they went through the building, and then stated that Eastern "spent in excess of $100,000 . . . for . . . improvements." This was admissible to impeach the expert. Although the judge, as matter of discretion, might have required that this testimony omit reference to specific improvement cost figures, he was not on a general objection or motion to strike bound to do so. *Solomon* v. *Dabrowski*, 295 Mass. 358, 359–360. *Borrelli* v. *Top Value Enterprises, Inc.* 356 Mass. 110, 113. There was no request for limiting instructions. No exceptions were taken to the charge which is not in the record. Thus it has not been shown that appropriate instructions were not given.

*Exceptions overruled.*

*Ralph Gordon* for the respondent.
*Joseph B. Abrams* (*Robert T. Abrams* with him) for the petitioner.