LIBRARY SERVICES, INC. *vs.* MALDEN REDEVELOPMENT AUTHORITY. March 21, 1980. In his appraisal of a commercial building which was over 100 years old, largely unheated, and lacking any significant modernization, the plaintiff's expert, Frattaroli, teetered to the brink of evidentiary incompetence when he employed market rents in a nearby modern office building as a reference point from which to impute fair rental value to the plaintiffs' much older premises, which the defendant had taken by eminent domain. Frattaroli employed that imputed rent in arriving at an opinion of the fair market value of the plaintiff's premises by the capitalization of income method. Counsel for the defendant moved to strike the opinion of value offered by Frattaroli as incompetent, and the motion was denied. See *Greenspan* v. *County of Norfolk,* 264 Mass. 9, 12 (1928); *Maher* v. *Commonwealth,* 291 Mass. 343, 348-349 (1935); *Boston Gas Co.* v. *Assessors of Boston,* 334 Mass. 549, 578-579 (1956). Frattaroli salvaged his opinion, however, when he conceded that the property relied on and the property taken were not comparable, but that he "made downward adjustments [of the rents from the modern property], taking into

consideration [the] physical condition of each building, comparing them to one another." Under these circumstances, while we might have acted differently on the motion to strike Frattaroli's opinion, we cannot say the trial judge abused the broad discretion which he has in eminent domain cases to determine whether evidence is competent. *Iris* v. *Hingham*, 303 Mass. 401, 408-409 (1939). *Congregation of the Mission of St. Vincent de Paul* v. *Commonwealth*, 336 Mass. 357, 359 (1957). *Boyd* v. *Lawrence Redev. Authy.*, 348 Mass. 83, 85-86 (1964). *Gregori* v. *Springfield*, 348 Mass. 395, 396-397 (1965). *Eastern Smelting & Ref. Corp.* v. *Boston Redev. Authy.*, 361 Mass. 850, 851 (1972). Compare *Lipinski* v. *Lynn Redev. Authy.*, 355 Mass. 550, 552 (1969); *Wing* v. *Commonwealth*, 359 Mass. 286, 291-292 (1971). The use by Frattaroli of economic data from the modern building was in support of and as background for his opinion. *R. H. White Realty Co.* v. *Boston Redev. Authy.*, 3 Mass. App. Ct. 505, 507-508 (1975), aff'd, 371 Mass. 452 (1976). Had the expert imputed to the property the rents charged at the newer building, the judge would have been bound to strike his opinion as founded on an improper basis. See *Correia* v. *New Bedford Redev. Authy.*, 5 Mass. App. Ct. 289, 293-294 (1977), rev'd on other grounds, 375 Mass. 360 (1978). The dissimilarity between the modern office building which Frattaroli studied and the premises taken from the plaintiff "were thoroughly explored through cross-examination." *Bird* v. *Boston Redev. Authy.*, 8 Mass. App. Ct. 659, 662 (1979). See also *Carlson* v. *Holden*, 358 Mass. 22, 27 (1970).

*Judgment affirmed.*

*Michael B. Keating* for the defendant.
*Elihu Pearlman* for the plaintiff.