NORTH AMERICAN PHILIPS LIGHTING CORPORATION *vs.*
BOARD OF ASSESSORS OF LYNN.

Suffolk. March 5, 1984. — June 25, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Evidence,* Value. *Value. Taxation,* Real estate tax: value.

In a proceeding by a taxpayer seeking an abatement of the real estate taxes
    assessed on an industrial plant the Appellate Tax Board did not err in
    assigning little weight to the taxpayer's evidence of sales of other plants,
    where the board could properly conclude that differences such as size,
    location, and market conditions relating respectively to the assessed
    property and the sale properties were significant in terms of basic com-
    parability. [292-299]
The Appellate Tax Board's determination of the value of an industrial plant
    by the income valuation method was supported by substantial evidence,
    including portions of the testimony of the expert witness for the assessors,
    which the board could properly consider although it rejected other parts
    of that witness's testimony. [299-301]

APPEAL from a decision of the Appellate Tax Board.

The case was submitted on briefs.

*Joseph F. Dalton* for the taxpayer.

*John M. Lynch & Wayne E. Hartwell* for the Board of
Assessors of Lynn.

HENNESSEY, C.J. North American Philips Lighting Corpo-
ration (Norelco) appeals pursuant to G. L. c. 58A, § 13, from
a decision of the Appellate Tax Board (board) on its request
for an abatement for fiscal year 1981. Norelco had applied,
under G. L. c. 59, §§ 64 and 65, for an abatement for real
estate taxes assessed on a parcel of commercial property (as-
sessed property) in Lynn for fiscal years 1980 and 1981. The
board issued a decision for the board of assessors of Lynn
(assessors) for fiscal year 1980 and granted an abatement for
fiscal year 1981 of $69,884.75. Norelco appeals only that part
of the decision granting the abatement for fiscal year 1981.

Norelco challenges the basis for the abatement, arguing the board's treatment is twice flawed. First, it claims the board erred in not concluding the taxpayer's evidence of comparable sales was persuasive evidence of overvaluation. Second, it asserts that there is no substantial evidence to support the board's finding of rental income and that the board's finding is inconsistent with the record as a whole. We find no merit in either allegation of error and uphold the board's decision.

We summarize the facts found by the board. Norelco was the assessed owner of an industrial plant at 304-346 Lynnway, situated on Lynn harbor. The property is the home office and plant of the Norelco Company and is used for manufacturing lighting supplies and equipment. The plant consists of four buildings containing 482,000 square feet and is located on 24.95 acres of land. About 8.8 acres of this land is subject to tidal influence. The improvements include some 336,000 square feet of paving for driveways, trucking loading, yard area, and an illuminated employee parking lot with a 327 automobile capacity. There are 20,880 square feet of office space. The buildings are fully equipped with sprinklers. All offices are air conditioned, as is some of the manufacturing space. The board determined that the property is adapted to its highest and best use.

1. *Comparable Sales.*

Norelco argues that the board erred in rejecting, as evidence of overvaluation, Norelco's evidence of sales of comparable properties. The appraiser who testified for Norelco had considered five sales which took place between August, 1976, and December, 1978, including properties varying in size from 163,040 square feet to 419,000 square feet. They were located in Lowell, Shrewsbury, Worcester, Needham, and Millis. The board stated in its findings of fact and report that it compared these with Norelco's property for "time of sale, location, age of improvement, quality, condition, size and character of the buildings, etc." It then concluded that "there were significant differences in basic comparability. These properties were located some distances from the Norelco plant and in different

markets. The board did not give much weight to these sales, or to the opinion of value generated by them."

Norelco contends in its brief that "[t]he Board's conclusion that the subject premises and other loci are not comparable due to the distance between them is not supportable and without basis . . . ." It challenges the board's rejection on three bases. It first claims that the board allowed rulings of law "in which the Board agrees and disagrees that the market should be expanded." The claim is erroneous. As the assessors point out, it is apparently premised on a misreading of which requests for rulings were allowed. While recognizing that expanding the market for comparable sales is appropriate, see *Boyd* v. *Lawrence Redevelopment Auth.,* 348 Mass. 83, 86 (1964); *Muzi* v. *Commonwealth,* 335 Mass. 101, 105 (1956), the board did not find that sales presented by Norelco were comparable to the assessed property for purposes of defining "fair cash value." [1] See *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456, 469 (1981). Second, Norelco asserts that the board could not conclude that the assessed property was not comparable to the other properties described by Norelco's witness solely because of the distance between these properties and the assessed property. We need not decide whether the board could have so decided. The board rested its decision on more than Norelco suggests. As reproduced above, the board stated it considered many factors in reviewing the allegedly comparable properties. Based on these considerations, as well as differences in market conditions relating to the assessed property and the sales relied upon by the appraiser, the board

[1] In its brief, Norelco appears to contend that its requested ruling of law numbered 15 was allowed by the board. This paragraph reads as follows: "15. The evidence is sufficient to warrant a finding that there were comparable sales of the size and character of the subject, and the comparable sales approach should be used. *Assessors of Quincy* v. *Boston Consolidated Gas Co.,* 309 Mass. 60, 65 (1941). *New Boston Garden [Corp.]* v. *Board of Assessors of Boston* [383 Mass. 456, 469 (1981)]." In fact, the decision of the board states that "Appellant's [Norelco's] Requests for Rulings of Law . . . numbered 15, 16 and 23 thru 26 are Denied." It is unlikely that Norelco was referring to the assessors' requested ruling of law numbered 15 as it does not address whether distance is relevant to determine the comparability of properties.

392 Mass. 296                                                    299

North American Philips Lighting Corp. *v.* Board of Assessors of Lynn.

determined the allegedly comparable properties and the assessed property had "significant differences in basic comparability." In its decision to give little weight to sales proposed by the appraiser, the board focused on more than the distances among the properties. While the board may find properties at some distance from each other comparable, *Boyd* v. *Lawrence Redevelopment Auth., supra,* it is not required to do so. See *New Boston Garden Corp.* v. *Assessors of Boston, supra.* Accordingly, Norelco's assertion that the board could not reject evidence of the allegedly comparable sales based on distance alone fails to raise an adequate challenge to the board's findings.

Finally, Norelco contends that the board's statement of reasons for giving little weight to evidence of the sales presented by Norelco's appraiser was inadequate. We disagree. "The board's decision must state adequate reasons in support of its decision so as to permit meaningful appellate review." *Blakeley* v. *Assessors of Boston,* 391 Mass. 473, 476 (1984), and cases cited. The board's decision meets this standard. Considering a variety of factors, including the relatively smaller size of the sale properties and the markets in which the sales occurred, the board determined that the "market data" valuation method as presented to it had little probative value. The board chose instead to use the "income" approach to valuation. "The board is entitled to select valuation methods, as long as they are reasonable and supported by the record." *Blakeley* v. *Assessors of Boston, supra* at 477. Thus, if in this case the fair cash value of the assessed property may reasonably be determined through the income valuation method, the board's decision must be sustained. We therefore turn to Norelco's second challenge to the board's decision.

2. *Rental Income.*

Norelco raises no persuasive challenge to the board's determination of a rental income value for the assessed property. It contends that the value is not based on substantial evidence. While somewhat oblique, the thrust of Norelco's argument seems to center on the scope of the board's discretion to set an average square foot rental value for the assessed property

after it had rejected part of the testimony of the assessors' witness. The board agreed with Norelco's witness that the assessed property should not follow the "multi-tenanting" approach to determine rental value. It therefore concluded that "use of an average rental per square foot for the entire facility" was appropriate. The board then looked to the lowest comparable average rental value presented to it and adjusted the figure upward in setting the square foot rental value of the assessed property. Norelco contends that in setting this final rental value the board erred. According to Norelco, the board could not look to any evidence presented by the assessors' witness as doing so would contradict its rejection of the multi-tenant approach presented by that witness. It then asserts that since only evidence of Norelco's witness was available to the board, any rental value established by the board other than that proposed by Norelco's witness would not be supported by substantial evidence. We disagree.

"The board was not required to believe the testimony of any particular witness but it could accept *such portions of the evidence* as appeared to have the more convincing weight. . . . *The board could select the various elements of value as shown by the record and from them form,* as it properly did, its own independent judgment" (emphasis in original). *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456, 473 (1981), quoting *Assessors of Quincy* v. *Boston Consol. Gas Co.,* 309 Mass. 60, 72 (1941). Here Norelco's witness himself presented the board with comparable average square foot values ranging from a low of $1.06 to a high of $2.09. The board was not required to agree with the conclusion of Norelco's witness as to which value in this range was appropriate. The board's decision to adopt $1.90 per square foot is a proper exercise of its discretion in this area of expertise. Accordingly, even if we agree that the board had to disregard all evidence presented by the assessors' witness after rejecting the multi-tenant approach to determine the rental value of the assessed property, the board's decision is supported by the record. But we do not think that the board was prevented from considering any testimony of the assessors' witness simply because it re-

jected much of it. It reasonably could find part of a witness' testimony helpful and reject another part.

The decision of the Appellate Tax Board is therefore affirmed.

*So ordered.*