KOREN KOLLIGIAN & others, trustees, *vs.* CITY OF CAMBRIDGE. November 21, 1984. *Eminent Domain,* Damages. *Evidence,* Value. *Value. Practice, Civil,* Motion to strike.

In the opinion of an appraiser for the owner, the fair market value of the property at 454-456 Broadway, Cambridge, before it was taken by eminent domain on June 21, 1974, was $500,000. Cambridge's expert placed the value at $356,000. A jury returned a verdict of $390,000. The owner has appealed.

1. Following the close of all the evidence, the owner moved to strike the testimony of the city's expert because he had defined fair market value in a manner which omitted the modifier "highest" from the price which a willing buyer would pay to a willing seller. See *Epstein* v. *Boston Housing Authy.,* 317 Mass. 297, 299 (1944) ("Value or market value means the highest price which a hypothetical willing buyer would pay to a hypothetical willing seller in an assumed free and open market"). The motion was properly denied for the reason, if no other, that a motion to strike after the close of the evidence is brought too late to be maintained as a matter of right. *Solomon* v. *Dabrowski,* 295 Mass. 358, 360 (1936). *Correia* v. *New Bedford Redevelopment Authy.,* 5 Mass. App. Ct. 289, 294-295 (1977). We do not intimate that omission of the word "highest" results in a defective definition of fair market value. Compare *Boston Edison Co.* v. *Assessors of Watertown,* 387 Mass. 298, 301 (1982); *Montaup Elec. Co.* v. *Assessors of Whitman,* 390 Mass. 847, 849 (1984). At most the refusal of the city's expert to embrace the word "highest" provided the owner with an opportunity to put in question the weight to be accorded the defense expert's testimony, a task which the owner's counsel undertook through vigorous cross-examination. *Wright* v. *Randolph,* 340 Mass. 786 (1960).

2. Evidence of the terms of sale of another property offered by the city and admitted by the trial judge pertained to real estate reasonably comparable in size, proximity, and nature of use, and the sale was reasonably contemporaneous. Of course, there were differences, but those differences merely affected the weight to be given the sale. See *Boyd* v. *Lawrence Redevelopment Authy.,* 348 Mass. 83, 85-86 (1964); *Library Servs., Inc.* v. *Malden Redevelopment Authy.,* 9 Mass. App. Ct. 877, 877-878 (1980). In any event, the express withdrawal by the owner's counsel of his motion to strike evidence of the comparable sale disposes of all objections to it.

3. In making his appraisal, the city's expert ascribed certain rental income earned from the property to hoists, lifts, compressors, and the like. The judge properly left it to the jury to determine whether that equipment was personalty or realty. *Essex Bowling Co.* v. *Argyle Realty Corp.,* 322 Mass.

398, 405-406 (1948). There is no merit in the argument that the city's
expert, whose credentials the owner had conceded, could not estimate the
portion of the gross rent paid by the single tenant of the property (which
was used as a garage) on account of machinery in the garage.

4. It was not error to admit, in the course of cross-examination of the
owner's expert, evidence of an injunction which forbade the use of adjoining
land of the owner for parking at the time of the taking. The owner's expert
had testified that he had considered the availability of that adjoining land
for parking in appraising the land taken by the city. The injunction, therefore,
was probative that the opinion of the owner's expert rested in part on an
erroneous factual premise, albeit a minor one. Cf. *Simon* v. *Solomon*, 385
Mass. 91, 107 (1982).

*Judgment affirmed.*

*David S. Tobin* for the plaintiffs.

*Thomas J. Urbelis* (*Philip M. Cronin & William A. White, Jr.*, with
him) for the defendant.