van Gestel, J.
This matter is before the Court on cross motions in limine seeking a pre-trial ruling on the allocation of the burden of proof. The remaining underlying claim by Arrow Automotive Industries, Inc. (“Arrow”) seeks indemnification from Liberty Mutual Insurance Company (“Liberty Mutual") in connection with a Massachusetts Department of Environmental Protection (“DEP”) proceeding against Arrow for cleanup of groundwater contamination. The issue is who, Arrow or Liberty, has the burden of proof that Arrow is entitled or not entitled to coverage under a particular Liberty Mutual policy or policies.
At an earlier stage in this litigation, the Court (Fabricant, J.) granted partial summary judgment holding that Liberty Mutual breached its duty to defend Arrow against DEP’s claims [8 Mass. L. Rptr. 225]. *381 Two issues remain for trial: (1) how much Liberty-Mutual owes in damages for breaching the duty to defend Arrow; and (2) whether Liberty Mutual is obligated to pay Arrow’s liability on any of DEP’s underlying claims. It is the latter issue of the indemnification for claims on which there is disagreement on the burden of proof issue.
The source of the disagreement is the decision in Polaroid Corp. v. The Travelers Indemnity Co., 414 Mass. 747 (1993). There, the court ruled that “an insurer that wrongfully declines to defend a claim will have the burden of proving that the claim was not within its policy’s coverage.” Id. at 764. In a footnote the court said, “[W]e place [the burden as to the existence or non-existence of a sudden and accidental discharge] on the insurer when the insurer is in breach of its duty to defend.” Id. at 764 n.22.
Arrow argues that the Polaroid case, and others that have followed, shift the burden that would normally fall on it to Liberty Mutual. Liberty Mutual contends that Arrow reads the Polaroid opinion too broadly and that Arrow must bear the burden of proving that there was an event that triggered coverage under a particular policy.
A recent Appeals Court case, Swift v. Fitchburg Mutual Insurance Company, 45 Mass.App.Ct. 617 (1998), had occasion to consider the reach of Polaroid. In discussing the consequences to an insurer that breached the duty to defend, Justice Kaplan said, at pp. 624-25:
Until recently it could plausibly be thought the law of the Commonwealth . . . that “if an insurer in breach of its obligation to defend a claim declines to defend that claim, the insurer must pay the amount of any reasonable settlement that the insured makes, without regard to whether the claim was one for which coverage was provided.” [Citing Polaroid.] However, we read the Polaroid case as deciding — upon analysis on strict contract principles — that an insurer thus in breach may, in given situations, still be entitled to show the breach was not a “cause” of the settlement, as can be the case where the underlying claim was outside the coverage of the insurance policy. See 414 Mass. at 764. But the court was clear that “an insurer that wrongfully declines to defend a claim will have the burden of proving that the claim was not within its policy’s coverage.” See Palermo v. Fireman’s Fund Ins. Co., 42 Mass.App.Ct. 283, 2909 (1997). See also Liquor Liab. Joint Underwriting Ass’n of Mass. v. Hermitage Ins. Co., 419 Mass. 316, 323 (1995).
This Court cannot read Polaroid and cases that follow it in any way other than to impose the burden of proof on the issue of coverage on Liberty Mutual, it already having been determined by Judge Fabricant to have breached its duty to defend.
Normally the party having the burden of proof is required to put in its affirmative case first. Liacos, Brodin and Avery, Handbook of Massachusetts Evidence, (Sixth Ed. 1994), Sec. 3, 1. But here, to compel Liberty Mutual to do so would be requiring proof of a negative — that no covered discharges took place — in a vacuum. This Court is, however, fully cognizant of its wide discretion on the question of the order of the presentation of evidence. Commonwealth v. Rancourt, 399 Mass. 269, 277 (1987); Boyd v. Lawrence Redev. Athor., 348 Mass. 83, 84 (1964). To avoid the possibility of presenting in emptiness evidence that something did not happen, this Court will borrow from the law in the employment discrimination field, see e.g., Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441-42, 445 (1995), and establish a two-stage order of proof.
Arrow will have the burden of producing credible evidence demonstrating that releases ofTCE did occur between 1968 and 1971. This is a burden of production only, not a burden of proof. If such evidence is presented, then the burden of proof will be on Liberty Mutual to demonstrate that there is no coverage.
If Liberty Mutual fails to prove that the policies it issued to Arrow between 1968 and 1971 do not cover' Arrow’s claim for TCE contamination, then it will bear the burden of proving apportionment between amounts covered by such policies and amounts not covered.
The burden of proof remains on Arrow with regard to the establishment of its defense costs and damages for Liberty Mutual’s breach of the duty to defend.